## STAMPFER *v.* PETER HAND BREWING COMPANY.

[No. 9,415. Filed December 19, 1917. Rehearing denied April 24, 1918.]

1. JUDGMENT.—*Setting Aside.—Petition.—Sufficiency.—Statute.*—A petition to set aside a judgment which in effect is merely a motion to vacate the ruling on the motion for a new trial does not come within §405 Burns 1914, §396 R. S. 1881, providing that a party may be relieved of a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect. p. 492.

2. APPEAL.—*Right of Appeal.*—*Final Judgment.*—A petition to set aside a judgment which was in effect merely a motion to vacate the ruling on the motion for a new trial cannot be regarded as an independent proceeding, and the striking of such petition from the files, and the judgment for costs do not constitute a final judgment from which an appeal may be taken under §671 Burns 1914, §632 R. S. 1881, giving the right of appeal from final judgments. p. 492.

3. APPEAL.—*Time for Taking.*—*Effect of Collateral Proceedings.*—A motion to set aside a ruling denying a motion for new trial was a collateral proceeding and did not extend the time in which to appeal from the original judgment. p. 493.

From Lake Superior Court; *Johannes Kopelke,* Judge.

Action by the Peter Hand Brewing Company against Martin Stampfer. Judgment for plaintiff. From a ruling sustaining a motion to strike out a petition to set aside the judgment, the defendant appeals. *Appeal dismissed.*

*Crumpacker & Crumpacker* and *Dunn & Lucas,* for appellant.

*D. J. Moran,* for appellee.

DAUSMAN, J.—Appellee instituted an action against appellant to recover damages for breach of contract. On May 21, 1913, being the twenty-first juridicial day of the April term, a verdict was returned in favor of appellee in the sum of $800. On May 29, 1913, being the twenty-eighth juridicial day of said April term, appellant filed his motion for a new trial. On November 20, 1913, being the fourth juridicial day of the November term, the court overruled said motion and rendered judgment on the verdict for the amount thereof and costs. On April 28, 1914, being the second juridicial day of the April term, 1914, appellant filed a verified document denominated "Petition to

Set Aside Judgment.'' The following is the body of the petition:

### ''PETITION TO SET ASIDE JUDGMENT.

''The defendant in the above entitled cause respectfully represents to the court that he did, on the 29th day of May, 1913, and within thirty days after the time the verdict in this case was returned and recorded, file in the Clerk's office of this court his motion for a new trial, this court being not then in session.

''That the number of this case is 9658 and at the November Term of this court, which commenced Monday, November 17, 1913, the docket was called and various causes on the docket set for trial; that the official reporter of this court at said time got out a printed setting of the cases for said term, giving the number and title of each case, on said printed setting; that by the mistake and inadvertence of said reporter, the correct number of this cause was given, and opposite it the title of another case, the same appearing on said printed trial calendar for Thursday, November 20, 1913; that the title of the case printed opposite the number of this cause on said calendar was Stukel vs. Smith, as appears from a printed copy of said trial calendar attached to this motion and made a part hereof; that defendant's attorney is Fred C. Crumpacker of Hammond, Indiana, and after said causes had been set and before the 20th day of November, 1913, the said Crumpacker procured a copy of said setting and examined the same to ascertain if said cause had been set for hear-

ing and if so, for what date; that because of said inadvertence and mistake of said court reporter, defendant's said attorney did not know that this cause was set for said 20th day of November, 1913; that it is uncertain now whether this cause was set for said time or whether the case of Stukel vs. Smith was then set under the wrong number; that the said Crumpacker was looking after said case for this defendant and defendant relied upon him fully and solely to attend to the said setting of said case and to present and argue said motion for new trial; that because the said Crumpacker was misled by said mistake of said reporter hereinbefore referred to, neither he, the said Crumpacker, nor this defendant were in court at the time said cause printed on said trial calendar as "9658 Stukel vs. Smith" was called for hearing, and neither of them knew or had any idea that said mistake had been made or that this cause would be called up at said time for hearing and disposition or that any steps were to be taken in said cause; that so far as they knew at said time, this cause had not been set, and the said Crumpacker was of the impression that the court would take the same up outside of his regular setting for said term when he took up matters of a similar kind, at such time as could be agreed upon between the parties to this suit, and as was satisfactory to the court.

"That on said date, in the absence of the defendant and his said attorney, and without any knowledge on the part of either of them as to what was being done, the attorney for the plaintiff appeared in court and the court overruled

said motion for a new trial and entered judgment on the verdict.

"That on said date defendant's attorney left for Indianapolis, Indiana, where on the following morning at 10:00 o'clock in the Supreme Court of Indiana he appeared for the appellee for oral argument in the case of Inland Steel Company vs. Gillespie; that on the morning of said 20th day of November, and before taking his train at noon for the said City of Indianapolis, defendant's said attorney was busy preparing himself for said argument and had no notice or knowledge or information that it was claimed this cause was set for hearing, and no suspicion that plaintiff's attorney would be in court insisting upon a disposition of said motion in his absence; that defendant's said attorney was in his office across the street from the courthouse during said morning and in the same building in which said plaintiff's attorney had his office and in a place where he might have been reached by telephone by plaintiff's attorney or the bailiff of this court, if it was the desire of anyone that he be advised under the circumstances that this case was set for hearing and about to be taken up.

"That the judgment entered against defendant herein is for $800.00 and defendant believes he has a meritorious defense to said action; that he has set out in his motion for new trial various specifications which he then believed and now believes would entitle him to a new trial, if he were given an opportunity to argue the same to this court; that it has been the defendant's intention ever since the verdict was returned herein to

endeavor to procure a new trial and, if unsuccessful, to appeal said case to the Appellate Court of Indiana, and the defendant has had an arrangement and agreement with his said attorney that said course would be pursued, since prior to the time of filing the said motion for a new trial.

"That neither the defendant nor his said attorney learned that said motion for a new trial had been overruled and said judgment entered in this cause until yesterday, the 30th day of March, 1914; that on the 26th day of March, 1914, defendant's attorney was notified that a deputy sheriff was seeking to satisfy this judgment by the levy of execution on defendant's property in the city of Gary; that his said attorney at said time called the sheriff's office and told them what he understood to be the condition of the record, that is, that this cause was pending on a motion for a new trial and that he, said attorney, would take the matter up with the court and undertake to obtain a stay of proceedings until said motion could be ruled upon; that on the 30th day of March, 1914, the sheriff called defendant's said attorney and told him that plaintiff's attorney had advised the said sheriff that the motion for a new trial was overruled and that said plaintiff's attorney was insisting that the sheriff proceed with the enforcement of said execution; that defendant's said attorney then examined the record and found it to be in the condition hereinbefore stated; that this application is made not for the purpose of delay, but in order that the defendant may have an opportunity to present his reasons for a new trial and that he may not be

deprived of the recourse of appeal in the event the court determines that he is not entitled to a new trial; that the ends of justice in all things require that said judgment be set aside and vacated and that this cause be set down for hearing upon defendant's said motion for a new trial.

"And the defendant therefore prays that said judgment be set aside and vacated and that this cause be set for hearing upon said motion for a new trial, and for all other relief necessary and proper in the premises.

"Fred. C. Crumpacker,

"Attorney for said defendant."

The copy of the printed trial·calendar filed with the petition shows that ten cases were set for November 20, one of which is designated "9658—Stukel v. Smith."

Notice of the filing of the petition was duly served on appellee. On April 30, 1915, the court sustained appellee's motion to strike said petition from the record, to which ruling appellant excepted. Judgment against appellant for costs. The court granted appellant's prayer for an appeal, designated the amount of the appeal bond and fixed the time within which the bond should be filed. The transcript was filed in the office of the clerk of this court on September 27, 1915.

The first, second and third assignments of error challenge the ruling on the motion to strike out; and the fourth assignment alleges that the court erred in rendering judgment for costs.

The facts averred in appellant's motion (or petition) do not bring the proceeding within the provision

of §405 Burns 1914, §396 R. S. 1881. He was 1. not seeking to set aside a default in order that he might have an opportunity to make his defense on the merits. That defense had been made. In reality he was seeking to reach the judgment only indirectly, remotely and contingently through the motion for a new trial. Directly and immediately he was seeking an opportunity to be heard on the motion for a new trial. While the motion to vacate is somewhat ambiguous, from the general tenor of the averments therein and from appellant's brief we must hold that it is merely a motion to vacate the ruling on the motion for a new trial. Appellant sought to vacate that ruling in the hope that an argument by his counsel would convince the court that a new trial should be granted. The motion to vacate was filed under the title and number of the original action, was treated by the parties and by the trial court as an attempted step in the original action, and the transcript includes the entire proceedings in the original action. Under these circumstances the application to the trial court to set aside its ruling on the motion for a new trial cannot be regarded as an independent proceeding.

We are of the opinion that this appeal cannot be entertained. The action of the court in striking appellant's motion from the files, and the judg- 2. ment for the costs occasioned by said motion do not constitute a final judgment from which an appeal may be taken. §671 Burns 1914, §632 R. S. 1881; Elliott, App. Proc. ch. 5; Ewbank's Manual §82; Mak-Saw-Ba Club v. Coffin (1907), 169 Ind. 204, 82 N. E. 461; Barnes v. Wagener (1907), 169 Ind. 511, 82 N. E. 1037; State, ex rel. v. Boyd (1908), 172 Ind. 196, 87 N. E. 140. The motion to set aside

the ruling on the motion for a new trial is' of 3. the class known as collateral motions and did not extend the time in which to appeal from the original judgment. *Chenoweth* v. *Chenoweth* (1916), 64 Ind. App. 260, 114 N. E. 988. As an appeal from the original judgment it was not perfected within the time fixed by statute. §672 Burns 1914, Acts 1913 p. 65.

Appeal dismissed.

NOTE.—Reported in 118 N. E. 138.