### FORT WAYNE MERCANTILE ACCIDENT ASSOCIATION *v.* SCOTT.

[No. 10,467. Filed June 25, 1919. Motion to reinstate denied October 31, 1919.]

1. APPEAL.—*Briefs.*—*Record.*—*Failure to Present Questions.*—*Dismissal.*—Where the errors assigned on appeal are the sustaining of the demurrer to a plea in abatement and the overruling of the motion for a new trial, and the brief fails to show that appellant reserved any exception to any ruling or action of the trial court, the complaint is not set out in the brief, no showing is made as to when the judgment was rendered or when the motion for a new trial was ruled on, if at all, neither the instructions nor the evidence is in the record, though error was predicated on the refusal of instructions and the sufficiency of the evidence challenged, and there is no condensed statement of the evidence in narrative form in appellant's brief, as required by Rule 22 of the Appellate Court, no question is presented for review on appeal and appellee's motion to dismiss will be sustained. p. 268.

MAY TERM, 1919. 267

Fort Wayne Mercantile, etc., Assn. *v.* Scott—71 Ind. App. 266.

2. APPEAL.—*Motion to Reinstate Appeal.*—*Time for Filing.*—Where the time allowed by §704 Burns 1914, §662 R. S. 1881, for filing a petition for rehearing has expired and the opinion and a judgment of dismissal have been certified to the trial court, the appellate court has lost its jurisdiction and has no power to entertain a motion to reinstate the appeal.  p. 269.

3. APPEAL.—*Petition for Rehearing.*—*Time for Filing.*—*Statute.*— A petition for rehearing must be filed within the sixty days fixed by §704 Burns 1914, §662 R. S. 1881, and the court has no power to extend the time so fixed.  p. 269.

From Allen Superior Court; *Carl Yaple,* Judge.

Action by John E. Scott against the Fort Wayne Mercantile Accident Association. From a judgment for plaintiff, the defendant appeals. *Appeal dismissed.*

*O. E. Fuelber,* for appellant.

*Leonard, Rose & Zollars* and *Shirts & Fertig,* for appellee.

McMAHAN, J.—The appellee commenced this action to recover upon a certificate of membership in appellant association insuring him against accidents. Appellant filed a plea in abatement, to which a demurrer was sustained. The issues being closed by the filing of an answer and reply, the cause was tried by a jury, and resulted in a verdict and judgment for appellee.

Appellant filed a motion for a new trial for the reasons: (1) That the court erred in sustaining the demurrer to the plea in abatement; (2, 3, 4, 5 and 6) that the court erred in giving certain instructions; (7) that the court erred in refusing to give a certain instruction; (8) that the verdict of the jury is not sustained by sufficient evidence; (9) that the verdict of the jury is contrary to law; (10) that the verdict of the jury is contrary to the law and the evidence;

(11) that the amount of recovery is erroneous, being too large; and (12) that the court erred in admitting certain evidence.

The errors assigned are the sustaining of the demurrer to the plea in abatement and the overruling of the motion for a new trial.

The appellee, in April of this year, filed his motion, supported by brief, asking that the appeal be dismissed. The reasons set out in the motion are:

1. That appellant has failed to show that it reserved any exception to any ruling or action of the trial court; that the complaint is not set out in the brief; that no showing is made as to when the judgment was rendered or when the motion for a new trial was filed; that it does not appear that the motion for a new trial was ever ruled on; that the instructions are not in the record; that the evidence is not in the record; and that there is no condensed statement of the evidence in narrative form in appellant's brief, as required by Rule 22 of this court.

Although appellant was given notice in April of the filing of this motion to dismiss, it has taken no steps to correct or amend its brief, and has filed no brief in opposition to such motion.

Appellant's brief is subject to each and all of the objections pointed out by appellee. No exception appears to have been taken to the action of the trial court in sustaining the demurrer to the plea in abatement or to the overruling of the motion for a new trial; in fact, it does not appear that the court ever ruled on the motion. No exception appears to have been reserved to the giving or refusing to give any instructions, and an examination of the record

shows that neither the instructions nor the bill of exceptions containing the evidence are in the record.

There being no question presented for our consideration, the appeal is dismissed.

## On Motion to Reinstate Appeal.

McMahan, J.—This appeal was dismissed June 25. On October 8, appellant filed its motion, asking the court to "reinstate said appeal for the reason that the same has been erroneously and improperly dismissed."

Appellee insists that, the time for filing a petition for rehearing having expired, the opinion and judgment of dismissal having been certified to the trial court, this court lost its jurisdiction, and has no power or authority to entertain a motion to reinstate it. This contention must prevail. Section 704 Burns 1914, §662 R. S. 1881, provides that either party may file a petition for a rehearing within sixty days after the cause is reversed, affirmed or dismissed. A petition for a rehearing must be filed within the time fixed by statute. *Hutts* v. *Bowers* (1881), 77 Ind. 211. And the court has no power to extend the time for filing such petition. *Dudgeon* v. *Bronson* (1902), 159 Ind. 562, 64 N. E. 910, 65 N. E. 752, 95 Am. St. 315.

As said by the Supreme Court in *Parker* v. *State ex rel.* (1893), 133 Ind. 178, 216, 32 N. E. 836, 33 N. E. 119, 18 L. R. A. 567: "These parties have departed from the jurisdiction of the court, under the rules of the court as established in pursuance of the provisions of the statute, and we do not think that the issues litigated between them can have a rehearing in this court." Motion to reinstate overruled.