BALL BROTHERS COMPANY, INC. *v.* REVIEW BOARD
OF THE INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 19,410. Filed March 17, 1961. Petition to Reinstate denied
May 17, 1961.]

*Bracken, DeFur, Voran & Hanley* and *Marshall E. Hanley,* of Muncie, for appellant.

*Edwin K. Steers,* Attorney General, and *Keith Campbell,* Deputy Attorney General, for Appellee Review Board.

*Earl G. Manor,* of Muncie, for appellees, Rosa B. Barnes et al.

COOPER, J.—This matter comes before us to review the action of the Reviewing Board of the Indiana Employment Security Commission in upholding the right of several claimants to draw unemployment benefits under the Unemployment Security Act.

It affirmatively appears, in searching the record before us, that the appellants have failed to invoke the jurisdiction of the Court to decide this attempted review on the merits by failing to file an assignment of errors.

Rule 2-6 of the Supreme Court provides, in part:

> "There shall be attached to the front of the transcript, immediately following the index, a specific assignment of the errors relied upon by the appellant in which each specification of error shall be complete and separately numbered."

The assignment of errors constitutes the appellant's complaint in this court. Our Supreme Court has stated in substance it is a requisite to any appeal, and without a proper assignment of errors, no jurisdiction is conferred upon the appellate tribunal. See *Bolden* v. *State* (1956), 235 Ind. 695, 131 N. E. 2d 301; *Davis* v. *Pelley* (1952), 230 Ind. 248, 251, 102 N. E. 2d 910; §2381, Flanagan, Wiltrout and Hamil-

ton's, Indiana Trial and Appellate Practice, and authorities cited therein.

Rule 2-6 of the Supreme Court also applies to reviews of decisions of administrative tribunals.

This court must take notice of its lack of jurisdiction on its own motion when appellee fails in the duty to apprise us of such fact. *Catherwood v. McIntyre* (1934), 99 Ind. App. 220, 221, 192 N. E. 109, and authorities cited therein.

We note also that the appellant has failed to comply with Rule 2-5 of the Supreme Court in that the appellant failed to cause the transcript to be indexed, pursuant to said Rule.

It appearing from the record that we lack jurisdiction because of the appellant's failure to file his assignment of errors, as provided by Rule 2-6, this appeal is dismissed.

Appeal dismissed.

Ax, C. J.; Bierly, J.; Gonas, J.; Kelley, J.; Myers, J.; Pfaff, P. J.; Ryan, J. concur.


## ON PETITION TO REINSTATE

COOPER, J.—The appellant has filed a petition praying that his appeal be reinstated on the docket of this court.

While a motion to reinstate a cause after dismissal on appeal is recognized in Indiana practice (see *Whisler* v. *Whisler* (1903), 162 Ind. 136, at 141, 67 N. E. 984, also *Jenkins* v. *Steele* (1913), 55 Ind. App. 11, 102 N. E. 139, 103 N. E. 365), such a motion, where the dismissal is for other causes than the want of prosecution, is essentially a petition for rehearing, and must be filed within the time limit for filing

petitions for rehearing. See *Fort Wayne Mercantile, etc., Assn.* v. *Scott* (1919), 71 Ind. App. 266, 123 N. E. 718, 124 N. E. 710; §2560, Flanagan, Wiltrout & Hamilton's, Indiana Trial and Appellate Practice, Comment 1.

Rule 2-22 of our Supreme Court requires that petitions for rehearing be filed with the Clerk of this Court within twenty (20) days from the rendition of the decision.

It affirmatively appears from the record before us that more than twenty (20) days had expired from the date of the dismissal of this cause to the date of the filing of the petition to reinstate.

For the reasons heretofore stated, the Petition to Reinstate is hereby denied.

Ax, C. J.; Bierly, J.; Gonas, J.; Kelley, J.; Myers, J.; Pfaff, P. J.; Ryan, J. concur.

Note.—Reported in 172 N. E. 2d 898. Petition to Reinstate Denied 174 N. E. 2d 756.