STOVER *v.* PARKER GMC TRUCK SALES, INC., ET AL.

[No. 20,646. Filed March 3, 1967. No Petition for Rehearing filed.]

*John M. Heeter,* of Indianapolis, for appellant.

*William P. Wooden, Robert L. McLaughlin,* and *Townsend & Townsend* and *Barnes, Hickam, Pantzer & Boyd,* of counsel, all of Indianapolis, for appellees.

COOPER, C. J.—This is an attempted appeal from the Marion Circuit Court. This matter comes to our attention by virtue of the Appellant filing a Petition for an Extension of Time in Which to File his Transcript of the record and Assignment of Errors.

The Appellee Yellow Mfg. Acceptance Corporation filed its objections to the granting of time and also its Motion to Dismiss.

In reviewing the record now in our possession, it appears that on the 5th day of November, 1964, the Marion Circuit Court entered its judgment dismissing the Appellant's complaint for want of prosecution. On January 9, 1966, Appellant filed a Petition to Reinstate the action with the Marion Circuit Court. Such petition was denied by the Court on June 24, 1966. On September 13, 1966, the Appellant filed in

the office of the Clerk of the Marion Circuit Court a praecipe for transcript, and on that same date filed with this Court "Appellant's Petition for Extension of Time Within Which to File Transcript and Assignment of Errors." On September 14, 1966, this Court granted such petition and extended the appellant's time to file the transcript and assignment of errors to and including November 21, 1966.

On November 15, 1966, Appellant filed with this Court "Appellant's Second Petition for Extension of Time Within Which to File Transcript and Assignment of Errors." On November 16, 1966, this Court granted such second petition and extended the Appellant's time to file the transcript and assignment of errors herein to and including February 20, 1967. On February 15, 1967, Appellant filed his third "Petition for Extension of Time Within Which to File Transcript and Assignment of Errors."

It is the Appellee's contention in its Motion to Dismiss that the Appellant's time within which to file the transcript and assignment of errors in this cause expired on February 3, 1965, which was the expiration of ninety (90) days following entry by the Marion Circuit Court of its judgment dismissing the appellant's action for want of prosecution.

We agree with the contention advanced by the Appellee. Pursuant to Rule 2-2 of the Rules of the Supreme Court of Indiana, it was incumbent upon the Appellant to file with the Clerk of the Supreme and Appellate Court his transcript of the record and assignment of errors within ninety days after the Marion Circuit Court's judgment dismissing the Appellant's cause of action for want of prosecution, or in the alternative, to have timely petitioned for and secured an extension of time within which to have filed his transcript of the record and assignment of errors as provided for by said Rule 2-2.

The general rule in Indiana is that the dismissal of a cause of action is a final judgment from which an appeal lies.

*Meier, etc.* v. *Social Security Adm., et al.,* (1957) 237 ■ Ind. 421, 422, 146 N. E. 2d 239; *Dawson, et al.* v. *Wright, Mayor of City of Anderson, et al.,* (1955) 234 Ind. 626, 129 N. E. 2d 796, and authorities cited therein.

The Appellant's "Petition to Reinstate" the cause of action following the entry of a judgment of dismissal neither tolled the time in which his transcript and assignment of ■ errors was required to be filed under Rule 2-2, nor did it serve as a "Petition for Extension of Time" within which to file his Transcript and assignment of errors as provided for by Rule 2-2. *Dawson, et al.* v. *Wright, et al., Supra.,* P. 630.

However, we are of the opinion that the Appellant had the remedy of mandate available to him at the time he filed his Petition to Reinstate in the court below. See Burns' ■ Indiana Statutes, Sec. 3-2201; *State, ex rel. Hurd* v. *Davis, Judge,* (1948) 227 Ind. 93, 103; 84 N. E. 2d 181; *State ex rel Zeller, Sheriff, et al.* v. *Montgomery Circuit Court* (1945) 223 Ind. 476, 482, 62 N. E. 2d 149, and cases cited therein.

The failure to perfect an appeal from a final judgment within ninety days after judgment is rendered, or within time properly and timely extended as provided for by Rule ■ 2-2, deprives this Court of jurisdiction of the appeal and we only have jurisdiction to dismiss the matter. *Dawson, et al.* v. *Wright, Mayor, etc., et al., Supra,* p. 632.

The Motion for extension of time is denied. Appeal is dismissed, costs versus the Appellant.

Carson, J., Faulconer, J., Prime, J., Concur.

NOTE.—Reported in 223 N. E. 2d 777.