## SACKS *v.* WINKLER ET AL.

[No. 20,490. Filed May 15, 1967. Rehearing denied June 14, 1967. Transfer denied October 3, 1967. Motion to Re-consider denied November 16, 1967.]

*Sherwood Blue* and *Janet L. Roberts,* both of Indianapolis, for appellant.

*A. M. Thomas* and *Thomas, Muse Buehl & Thomas,* both of Indianapolis, for appellees.

BIERLY, J.—This appeal emanates from the Marion Circuit Court of Marion County, as a result of said court's actions in dismissing appellant's (plaintiff below) complaint for want of prosecution.

The pertinent dates, following the filing of the complaint on the 12th day of May, 1961, are summarized as follows:

On June 28, 1961, the defendants filed their answer, thus putting the cause at issue. Nothing was done until September 22, 1964, when the trial court placed the case on call of the docket which was set for October 15, 1964.

Evidently it was taken off the call of the docket for the next pleading was filed on November 13, 1964. This was a petition for conditional examination of the plaintiff, and also an order on said petition was issued for plaintiff to appear for said examination on a day named. He did not appear.

On January 13, 1965, a second petition for conditional examination and order on same was filed and issued.

Then, on January 29, 1965, the defendant filed a motion to dismiss said cause of action in accordance with Burns' Anno. Stat. Section 2-901. The cause was dismissed on February 16, 1965, and on February 23, 1965, the plaintiff filed a motion to reinstate, which was granted but later was rescinded on the same date by the court.

On March 1, 1965, the defendant filed a motion in opposition to plaintiff's motion to reinstate. The trial court overruled plaintiff's motion to reinstate said cause on September 3, 1965.

On October 1, 1965, plaintiff filed his motion for a new trial. Since there had been no trial this motion was a nullity. Therefore, it could not serve to extend the time for perfecting the appeal.

On May 9, 1966, the transcript and assignment of errors was filed with the Clerk of the Supreme and Appellate Court.

It thus appears from the record that the cause was dismissed on February 16, 1965, but that the assignment of errors and transcript were not filed until May 9, 1966, as above stated.

It is well settled law that a dismissal of a cause of action by a trial court is a final judgment from which an appeal lies, and that a motion for a new trial in such cases is a nullity. *Meier, etc.* v. *Soc. Sec. Adm. et al.* (1958), 237 Ind. 421, 146 N. E. 2d 239, and cases cited therein.

Such being the case, the time in which appellant in this cause had to perfect his appeal commenced with the dismissal of the action in the trial court and not with the date on which his motion for a new trial was overruled, since such motion was a nullity.

Rule 2-2 of the Rules of the Supreme Court provides in part:

"In all appeals and reviews the assignment of errors and transcript of the record must be filed in the office of the clerk of Supreme Court within ninety [90] days from the date of the judgment. . . ."

Since appellant has not perfected his appeal within the time allowed by Rule 2-2, *supra,* we have no jurisdiction in the matter and must dismiss the appeal.

Appeal dismissed.

Pfaff, P. J., concurs; Smith, J., concurs.

Cook, J., not participating.

### DENIAL OF PETITION FOR REHEARING

BIERLY, J.—Appellant has filed what he entitles a "Motion to Reinstate Appeal." Such a motion is proper only when the appeal has been dismissed for want of prosecution by this court in accordance with Burns' Anno. Stat. § 2-3230 (1964 Replacement). However, the substance rather than the title governs its true nature, and its substance is that of a petition for rehearing, and we shall treat it as such. See: *Fort Wayne Mercantile, etc. Assn.* v. *Scott* (1919), 71 Ind. App. 266, 123 N. E. 718, motion to reinstate denied, 71 Ind. App. 266, 124 N. E. 710.

The above "Motion" was filed on May 31, 1967, following our opinion dismissing the action on May 15, 1967. Briefs in support of the said motion were filed on June 5, 1967.

In his motion, appellant alleges several errors in our dismissal, which, in effect, raise the question of when the judgment in the lower court became a final judgment. It is appellant's contention that by reason of his filing a motion to reinstate in the trial court, and by the trial court's action in setting same for oral argument, the judgment of dismissal did not become final until said motion was overruled by the trial court on September 3, 1965.

With this contention we cannot agree. As we pointed out

in our dismissal, a dismissal of a cause in the trial court is a final judgment from which an appeal lies. Other pleadings, besides the motion to reinstate, which do not extend the time for an appeal, include: motions to modify a judgment, motions to vacate or set aside a judgment; *Dawson et al.* v. *Wright, Mayor, etc., et al.* (1955), 234 Ind. 626, 129 N. E. 2d 796; motions to set aside a ruling overruling motion for a new trial; *Stampfer* v. *Peter Hand Brewing Co.* (1918), 67 Ind. App. 485, 118 N. E. 138.

The only circumstances in which a dismissal date does not become the date on which the time for appeal commences to run would be in the unusual instance when the trial court was without authority to dismiss in the first place, thus any attempted dismissal would be void and the court would be required to reinstate the cause. See: *Slagle* v. *Valenziano* (1963), 134 Ind. App. 360, 188 N. E. 2d 286. Of course, where a new complaint is filed pursuant to Burns' Anno. Stat. § 2-1068 (1946 Replacement), the appeal time begins to run when judgment is rendered on the new complaint rather than on the date of dismissal of the old cause. See: *State ex rel. Klutey* v. *Daviess Circuit Court* (1964), 245 Ind. 400, 199 N. E. 2d 335.

Appellant also alleges error in our opinion dismissing this cause in that a dismissal for want of prosecution is not one of the grounds under Burns' Anno. Stat. § 2-901 (1946 Replacement) by which the trial court dismissed. This is true today, and has been since July 1, 1965, when Supreme Court Rule 1-4C took effect. But, in the case at bar, the old statutory provision was in effect during the dismissal and when appellant filed its motion to reinstate in the trial court.

Finally, appellant alleges we failed to consider in our opinion the fact that the time for filing the transcript and assignment of errors had been extended by this court upon the petition of appellant. It appears from the record that on December 8, 1965, and on March 10, 1966, this

court inadvertently granted appellant's extensions of time to file the transcript and assignment of errors. This, however, does not preclude a dismissal. The Supreme Court stated in the *Dawson* case, *supra,* on page 631:

> "Since the judgment in this appeal was entered without any trial (as in the case at bar), the motion for new trial presented nothing and could not extend the time for perfecting an appeal. Under Rule 2-2 the time for perfecting the appeal by filing a transcript and assignment of errors with the clerk of this court had expired before we made an order which did not authorize a belated appeal, but only assumed appellants' position on the record was correct, and granted a regular extension pursuant to the rule. Our action did not foreclose the appellees from moving to have the cause dismissed."

The court is of the opinion that the petition for rehearing in the case at bar should be denied.

Petition for rehearing denied.

Pfaff, C. J., concurs; Cook, J., not participating;

Smith, J., concurs.

Reported in 226 N. E. 2d 172.

NOTE.—Rehearing Denied in 227 N. E. 2d 177.