HILLMAN'S EQUIPMENT, INC. *v.* CENTRAL REALTY, INC., ET AL.

[No. 20,708, Filed April 10, 1968. Rehearing denied January 9, 1969. Transfer granted April 10, 1969.]

486

*Robert S. McCain,* and *Fay Leas,* of Fort Wayne, for appellant.

*Charles R. Tiede,* and *Plummer, Tiede, Magley and Metz,* of Wabash, for appellees.

PFAFF, J.—This is an action brought by the appellant, Hillman's Equipment, Inc., against the appellees, Central Realty, Inc., The First National Bank in Wabash, Terry E. Cooper, Kay Cooper and Terry E. Cooper, d/b/a Terry's Restaurant, for replevin and conversion of certain restaurant equipment. The appellees, Central Realty, Inc., and The First National Bank in Wabash, filed a motion for summary judgment. On July 1, 1966, the court granted appellees' motion for summary judgment and entered its judgment accordingly. The appellant then filed a motion for new trial, which was overruled on November 15, 1966.

The record reveals that the appellant petitioned this court on February 1, 1967, for an extension of time to file its transcript and assignment of errors. Such petition was granted and the transcript and assignment of errors was filed with the Clerk of the court on April 11, 1967.

Under Rule 2-2 of the Rules of the Supreme Court of Indiana "the assignment of errors and transcript of the record must be filed in the office of the Clerk of Supreme Court within ninety (90) days from the date of the judgment or the ruling on the motion for new trial (whichever is later), unless the statute under which the appeal or review is taken fixes a shorter time, in which latter event the statute shall control."

It has been held by this court that a summary judgment is not a trial. *Aldridge* v. *Aldridge* (1968), 142 Ind. App. 289,

233 N. E. 2d 781. See also: *Collins* v. *Toombs* (1946), 271 App. Div. 160, 63 N.Y.S. 2d 545; *Weisberg* v. *Perl* (1954), Fla., 73 So. 2d 56; *Otteman* v. *Interstate Fire and Casualty Company* (1960), 171 Neb. 148, 105 N. W. 2d 583; *Parmelee* v. *Chicago Eye Shield Co.* (1946), 157 F. 2d 582, 168 A.L.R. 1130.

Since a summary judgment is not a trial, a motion for a new trial is neither proper nor permitted. *Meier, etc.* v. *Soc. Sec. Adm. et al.* (1958), 237 Ind. 421, 146 N. E. 2d 239; *Sacks* v. *Winkler* (1967), 141 Ind. App. 13, 226 N. E. 2d 172. Therefore, compliance with the aforementioned Rule requires that the transcript and assignment of errors be filed within ninety (90) days from the date of the entry of the summary judgment by the trial court, and not from the date of the court's ruling on the motion for a new trial.

In the case at bar appellant did not file its appeal within ninety days from the entry of summary judgment, therefore requiring that this appeal be dismissed.

The manner and procedure employed by the appellant in perfecting this appeal was not questioned by appellees. However, in our opinion this matter raises the issue of our jurisdiction, and this court will dismiss an appeal whenever jurisdiction is lacking, although the question is not specifically raised.

Appeal dismissed, and the Clerk of this court is directed to tax the costs of this appeal to the appellant.

Cook, P. J., Bierly and Smith, JJ., concur.

NOTE.—Reported in 235 N. E. 2d 496.