MONON RAILROAD CO. v. CITIZENS OF SHERWOOD FOREST.

[No. 1268A218. Filed July 1, 1969. Rehearing denied September 25, 1969. Dismissal sustained April 27, 1970.]

*Thomas Michael Quinn, Jr., Clark & Clark,* Indianapolis, for appellant.

*Robert H. Reynolds, Barnes, Hickam, Pantzer & Boyd,* Indianapolis, for appellees.

PER CURIAM—This matter is before us on the Order of the Supreme Court of Indiana, remanding this cause to this Court for an opinion setting forth the reasons for our previous Order of July 1, 1969, which dismissed this cause of action.

This is an appeal from the Public Service Commission of Indiana, in which the appellant was a respondent and the appellees were petitioners. The original petition was filed by the appellees with the Public Service Commission on November 13, 1967. The petition sought to have the appellant, Monon Railroad, and the Marion County Commissioners, required to install automatic warning signals at the intersection of the Monon Railroad track and 91st Street in Marion County, Indiana.

The record reveals the following sequence of events:

1. On June 28, 1968, the Public Service Commission entered its order which required the appellant to install automatic, train-activated flashing warning signals at the grade crossing of 91st Street and the track of Monon Railroad Company.

2. On July 15, 1968, the appellant filed a petition with the Public Service Commission of Indiana for an extension of time to file petition for reconsideration of the Order entered June 28, 1968.

3.  On July 18, 1968, the appellant filed its petition for reconsideration and requested additional time within which to file its brief in support of said petition.

4.  On July 26, 1968, the Public Service Commission of Indiana entered its order granting appellant additional time until September 18, 1968, to file its brief in support of the petition for reconsideration. On September 20, 1968, the Commission granted the appellant further time, to and including October 18, 1968, within which to file its said brief. On October 18, 1968, the Commission again granted the appellant additional time within which to file its said brief to and including October 28, 1968. On October 28, 1968, the additional time granted the appellant to file its said brief expired without the appellant having filed its brief.

5.  On November 1, 1968, the Public Service Commission of Indiana entered its order on the appellant's petition for reconsideration, stating therein that the appellant had failed to file briefs in support of its petition for reconsideration as required in its prior order of October 18, 1968, and denying the appellant's petition for reconsideration.

6.  On November 6, 1968, the appellant filed with the Commission another petition for extension of time within which to file its brief in support of its petition for reconsideration.

7.  On November 20, 1968, appellant filed its said brief in support of the petition for reconsideration.

8.  On November 27, 1968, the Commission entered its further order wherein it sustained as approved its previous order of November 1, 1968, which had denied the appellant's petition for reconsideration.

9.  On December 26, 1968, the appellant filed its Petition For Extension of Time Within Which to File its Transcript and Assignment of Errors, thus commencing this appeal.

The appellees contend in their Motion to Dismiss that the Order of the Commission dated November 1, 1968, denying

the petition to reconsider, was the final order of the Commission; that the Commission's later order of November 27, approving its earlier order was a nullity; that the time within which to appeal the Order of November 1, 1968, expired on December 1, 1968; that the assignment of errors and transcript were not filed within the time allowed and neither was the appellant granted an extension of time within which to file its assignment of errors and transcript, and therefore this Court, pursuant to Supreme Court Rule 2-2 and to Burns' Indiana Statutes, § 54-444, did not acquire jurisdiction over this appeal.

The appellees further contend that after the Commission entered its Order of November 1, 1968, denying the petition for reconsideration, that it had no further jurisdiction in the matter and the appellant's exclusive remedy was an appeal to this Court pursuant to the provisions of Burns' Indiana Statutes, § 54-443, *et seq.*

The pertinent statutes are as follows:

"54-443. *Appeal to Appellate Court from final decision, ruling or order of commission—Transfer to Supreme Court —Assignment of errors.*—Any person, firm, association, corporation, city, town or public utility adversely affected by any final decision, ruling, or order of the public service commission of Indiana, may, within thirty (30) days from the date of entry of such decision, ruling, or order, appeal to the Appellate Court of Indiana for errors of law under the same terms and conditions as govern appeals in ordinary civil actions, except as otherwise herein provided, and with the right in the losing party or parties in the Appellate Court to apply to the Supreme Court for a petition to transfer the cause to said Supreme Court as in other cases. An assignment of errors that the decision, ruling or order of the commission is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the decision, ruling or order, and the sufficiency of the evidence to sustain the finding of facts upon which it was rendered.

"54-444. *Petition for rehearing—Effect on appeal.*—If a petition for rehearing is filed with the commission by any party to the proceeding before the commission, within the time allowed by the rules of the commission, and prior to

the filing of the commission record with the clerk of the Supreme and Appellate Courts, *the right to appeal to the Appellate Court as herein provided shall terminate thirty (30) days after the determination by the commission of [on] such petition for rehearing.* The appeal shall not be submitted prior to that determination of the petition for rehearing, and the decision of the commission on said petition shall not be assigned as error unless the final decision, ruling or order of the commission is modified or amended thereby, without further hearing ordered." (our emphasis).

We do not find in the statute any authority for the Commission to do any act, or make any further orders after a petition for rehearing has been denied. The statute clearly provides that after the Commission has made a determination on a petition for rehearing, the right to appeal said determination *shall terminate* 30 days after the determination. There is nothing in the statute which provides for any action by the *Commission* to extend the expiration of the statutory period for appeal. The Commission has no powers except those conferred by statute. *Sizemore et al.* v. *Public Service Comm.* (1961), 133 Ind. App. 51, 61, 177 N. E. 2d 743; Reh. Den. 178 N. E. 2d 557, Trans. Den. 180 N. E. 2d 232; *Indiana Telephone Corp.* v. *Public Service Commission of Indiana* (1960), 131 Ind. App. 314, 340, 171 N. E. 2d 111; *Chicago & E.I.R. Co.* v. *Public Service Comm.* (1943), 221 Ind. 592, 49 N. E. 2d 341; *New York Central R. Co.* v. *Public Service Comm.* (1922), 191 Ind. 627, 134 N. E. 282.

In the case of *State ex rel. Mid-West Insurance Company* v. *Superior Court of Marion County, et al.*, (1952), 231 Ind. 94, 99, 106 N. E. 2d 924, our Supreme Court, speaking concerning the powers of the Department of Insurance, stated:

"The Department of Insurance is a statutory department whose only powers are those granted by the statute. The rule is well settled that 'unless a grant of power and authority can be found in the statute, it must be concluded that there is none.' *Chicago & E.I.R. Co.* v. *Public Service*

*Comm.* (1943), 221 Ind. 592, 594, 49 N. E. 2d 341. See also *State ex rel. Young* v. *Niblack* (1951), 229 Ind. 596, 99 N. E. 2d 839; *Davis* v. *Pelley* (1952), 230 Ind. 248, 102 N. E. 2d 910."

In the case of *Ballman* v. *Duffecy* (1952), 230 Ind. 220, 229, 102 N. E. 2d 646, our Supreme Court stated as follows:

"This court has held that the inherent right to a review of an order of an administrative board or commission is not statutory, but a right under the Indiana Constitution. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399; *Joseph E. Seagram & Sons* v. *Board of Com'rs., etc.* (1943), 220 Ind. 604, 45 N. E. 2d 491. *However, where the statute provides the remedy of a review, and the procedure to be followed, the procedure must be compiled with.* In the case at bar the procedure for review does not prohibit the remedy of review by the court, and is not in violation of the Constitution.

"This court has heretofore said that a court in acquiring jurisdiction must not only have jurisdiction of the parties and the general subject of the controversy respecting real property, but must have jurisdiction of the subject matter of the particular case. *State ex rel. Ferger* v. *Circuit Ct.* (1949), 227 Ind. 212, 84 N. E. 2d 585; *Jackson* v. *Smith* (1889), 120 Ind. 520, 22 N. E. 431. *A failure to comply with the statute is jurisdictional,* and therefore the trial court did not have jurisdiction of the parties or the particular case. The court has inherent power to order a dismissal of an action of which it has no jurisdiction. *Miedreich* v. *Rank et al.* (1907), 40 Ind. App. 393, 82 N. E. 117. The motion to dismiss was proper." (our emphasis)

In the case of *Public Service Commission of Indiana, et al.* v. *City of Indianapolis* (1956), 235 Ind. 70, 83, 131 N. E. 2d 308, the Supreme Court stated:

"It is established law in this state that there is an inherent right to appeal to the courts for relief against the violations of personal or property rights as a result of administrative action. The legislature may not absolutely deprive one of such relief or judicial review. *However, where the statute provides for a procedure for such review or for a judicial remedy, it excludes any common law or equitable procedure to the extent such statutory provisions are adequate in protecting and preserving such substantive*

*rights guaranteed by the constitution, the statutes or general principles of law. Such statutory procedure must be followed at least to the extent of the remedy available before resort is made to any common law or equitable remedy. Ballman v. Duffecy, supra (1952), 230 Ind. 220, 102 N. E. 2d 646; Joseph E. Seagrams & Sons v. Board of Com'rs. (1943), 220 Ind. 604, 45 N. E. 2d 491; State ex rel. White v. Hilgemann, Judge (1941), 218 Ind. 572, 34 N. E. 2d 129; Warren v. Indiana Telephone Co. (1940), 217 Ind. 93, 26 N. E. 2d 399.*" (our emphasis)

In the case of *Demma et al.* v. *Forbes Lumber Co.* (1961), 133 Ind. App. 204, 225, 178 N. E. 2d 455 (Reh. Den. 181 N. E. 2d 253), this Court stated:

"We find the general rule of law well stated in the case of *City of Ft. Wayne* v. *Bishop* (1950), 228 Ind. 304, at 311, 92 N. E. 2d 544, as follows:

'Where the legislature creates a right and prescribes the method whereby the right may be enforced the statutory remedy so provided is exclusive. *Lang* v. *Scott* (1825), 1 Blckf. 405, 435, 12 Am. Dec. 257; *Ryan et al.* v. *Ray et al.* (1886), 105 Ind. 101, 106, 4 N. E. 214; *Wilmont* v. *City of South Bend* (1943), 221 Ind. 538, 543, 48 N. E. 2d 649; *Ettinger* v. *Robbins* (1945), 223 Ind. 168, 59 N. E. 2d 118; *Hinkle* v. *Howard* (1947), 225 Ind. 176, 178, 73 N. E. 2d 674, 675; *New York, Chicago and St. Louis Railroad Company* v. *Zumbaugh* (1895), 12 Ind. App. 272, 279, 39 N. E. 1058; *Board of Comrs.* v. *Adler et al.* (1922), 77 Ind. App. 296, 300, 301, 133 N. E. 602; *City of Lebanon* v. *Dale* (1943), 113 Ind. App. 173, 176, 177, 46 N. E. 2d 269.' See also *State ex rel. Mar. C. Pl. Comm.* v. *Mar. S.C. et al., supra.*"

Thus it is apparent that the following general rules are too well settled to permit any argument to the contrary: that the various administrative agencies are creatures of the legislature and have only such powers as are granted to them by the legislature; that when the legislature provides a procedure for the remedy of a review of the action of the administrative body it must be followed; a failure to so comply with the procedure set forth in the

statute is jurisdictional, and a court has the inherent power to dismiss an action of which it has no jurisdiction.

We therefore hold that the Order of the Commission of November 1, 1968, denying the Petition for Reconsideration, was the "determination by the Commission of such petition for rehearing" contemplated by the statute, Burns' § 54-444, and that the appellant's right to appeal to the Appellate Court terminated thirty days thereafter, in the absence of a timely petition to this Court for an extension of time within which to file its assignment of errors and transcript.

The Order of November 1, 1968, being the "determination" from which the appeal lies pursuant to the statute, the fact that the appellant thereafter filed a brief, and that the Commission thereafter entered a second order sustaining its earlier order, did not extend the time in which the appellant was required to perfect its appeal.

In a case involving the question of when a judgment becomes final, for the purposes of calculating the time for an appeal therefrom, this Court, in the case of *Sacks* v. *Winkler et al.* (1967), 141 Ind. App. 13, 226 N. E. 2d 172, Reh. Den. 227 N. E. 2d 177, at page 178, stated:

> "In his motion, appellant alleges several errors in our dismissal, which, in effect, raise the question of when the judgment in the lower court became a final judgment. It is appellant's contention that by reason of his filing a motion to reinstate in the trial court, and by the trial court's action in setting same for oral argument, the judgment of dismissal did not become final until said motion was overruled by the trial court on September 3, 1965.
>
> "With this contention we cannot agree. As we pointed out in our dismissal, a dismissal of a cause in the trial court is a final judgment from which an appeal lies. Other pleadings, besides the motion to reinstate, which do not extend the time for an appeal, include: motions to modify a judgment, motions to vacate or set aside a judgment; *Dawson et al.* v. *Wright, Mayor, etc., et al.* (1955), 234 Ind. 626, 129 N. E. 2d 796; motions to set aside a ruling overruling motion for a new trial; *Stampfer* v. *Peter Hand Brewing Co.* (1918), 67 Ind. App. 485, 118 N. E. 138."

Again, in determining the time within which an appeal must be perfected, this Court in the case of *Stover* v. *Parker GMC Truck Sales, Inc.* (1967), 140 Ind. App. 475, 223 N. E. 2d 777, at page 778, stated:

"It is the Appellee's contention in its Motion to Dismiss that the Appellant's time within which to file the transcript and assignment of errors in this cause expired on February 3, 1965, which was the expiration of ninety (90) days following entry by the Marion Circuit Court of its judgment dismissing the appellant's action for want of prosecution.

"We agree with the contention advanced by the Appellee. Pursuant to Rule 2-2 of the Rules of the Supreme Court of Indiana, it was incumbent upon the Appellant to file with the Clerk of the Supreme and Appellate Court his transcript of the record and assignment of errors within ninety days after the Marion Circuit Court's judgment dismissing the Appellant's cause of action for want of prosecution, or in the alternative, to have timely petitioned for and secured an extension of time within which to have filed his transcript of the record and assignment of errors as provided for by said Rule 2-2.

\* \* \* \*

"The Appellant's 'Petition to Reinstate' the cause of action following the entry of a judgment of dismissal neither tolled the time in which his transcript and assignment of errors was required to be filed under Rule 2-2, nor did it serve as a Petition for Extension of Time within which to file his Transcript and assignment of errors as provided for by Rule 2-2. *Dawson et al.* v. *Wright et al., supra,* p. 630, 129 N. E. 2d 796."

Thus, in this case, the fact that the appellant filed its brief with the Commission after the time the Commission made its determination on November 1, 1968, did not toll the time within which to perfect its appeal. The fact that the Commission entered a second order affirming its initial determination did not extend the time within which to perfect the appeal, because the second order was a nullity, since under the statute, the Commission was not empowered to make any order beyond its initial determination on the petition for rehearing.

The failure of the appellant to perfect its appeal within the time permitted by the statute, or within time as properly and timely extended as was provided for by Rule 2-2 ■ of the Rules of the Supreme Court of Indiana, deprives this Court of jurisdiction of the appeal and we only have jurisdiction to dismiss the matter. *Ind. A.B.C.* v. *Biltz* (1968), 142 Ind. App. 418, 235 N. E. 2d 79; *Stover* v. *Parker GMC Truck Sales, supra; City of Indianapolis* v. *Hoffman* (1966), 247 Ind. 228, 215 N. E. 2d 700; *Schilling* v. *Ritter* (1963), 134 Ind. App. 168, 186 N. E. 2d 887; *Dawson, et al.* v. *Wright, Mayor, etc., et al.* (1955), 234 Ind. 626, 129 N. E. 2d 796; *Wiltrout, Indiana Practice,* Vol. 3, § 2524; p. 293, and cases cited.

For all the above and foregoing reasons, the appellees' Motion to Dismiss is sustained, and this cause is dismissed; costs to be assessed against appellant.

NOTE.—Reported in 257 N. E. 2d 846.