COLBERT ET AL. *v.* ALLIED CONCORD FINANCIAL CORP.
[No. 470A69. Filed October 26, 1970. No petition for rehearing filed.]

*John Hovanec,* of Gary, for appellants.

*Gregory S. Reising, Call, Call, Borns & Theodoros,* of Gary, for appellee.

## ON APPELLEE'S MOTION TO AFFIRM OR DISMISS

PER CURIAM.—This matter is before us on the appellee's Motion to Affirm or Dismiss which alleges, *inter alia,* that the trial court granted the plaintiff's motion for summary judgment on December 5, 1969; that judgment was entered on December 9, 1969; that no motion to correct errors was filed, and the transcript was filed in this Court on April 28, 1970, more than 130 days after the judgment of the trial court was entered.

The records of this Court do not show that appellants petitioned for, or were granted any extension of time within which to file their transcript and assignment of errors.

The transcript of the record reveals that after the trial court entered its judgment on December 9, 1969, the defendants filed a "Petition for Rehearing and Review". Oral argument on the petition was had and thereafter the petition was overruled. On February 11, 1970, the defendants filed their praecipe for transcript.

Before the adoption of the Indiana Rules of Procedure on January 1, 1970, the proper method to appeal from an adverse entry of summary judgment was to appeal directly from the judgment by assigning as error in this Court the trial court's entry of summary judgment. *Aldridge v. Aldridge* (1968), 143 Ind. App. 685, 233 N. E. 2d 781; Rules of the Supreme Court of Indiana, Rule 2-6, as amended April 22, 1968.

The defendants' Petition for Rehearing and Review did not operate to extend the time for appeal even though the trial court set the same for oral argument. *Sacks* v. *Winkler* (1967) (on rehearing), 141 Ind. App. 13, 227 N. E. 2d 177; *Dawson et al* v. *Wright, Mayor, etc., et al* (1955), 234 Ind. 626, 129 N. E. 2d 796.

Even if the defendants' petition were to be construed as a Motion for New Trial, a Motion for New Trial following the entry of summary judgment was improper before the adoption of Indiana Rules of Procedure on January 1, 1970, and did not extend the time for perfecting the appeal. *Aldridge* v. *Aldridge, supra;* Rule 2-6, *supra.*

The failure to perfect an appeal from the final judgment within 90 days after the judgment was rendered, in the absence of the time therefor being extended as provided for by the Rules, deprives this Court of jurisdiction of the appeal, and we only have jurisdiction to dismiss the matter. *Ind. A. B. C.* v. *Biltz* (1968), 142 Ind. App. 418,

235 N. E. 2d 79; *Stover* v. *Parker GMC Truck Sales* (1967), 140 Ind. App. 475, 223 N. E. 2d 777, 778; *City of Indianapolis* v. *Hoffman* 1966), 247 Ind. 228, 213 N. E. 2d 700; S*chilling* v. *Ritter* (1963), 134 Ind. App. 168, 186 N. E. 2d 887; *Dawson, et al* v. *Wright, Mayor, etc., et al, supra; Wiltrout, Indiana Practice,* Vol. 3, § 2524, p. 293, and cases cited.

The appellee's Motion to Dismiss is sustained and this cause is dismissed.

NOTE.—Reported in 263 N. E. 2d 188.