ZARKO SEKEREZ, IN THE NAME OF THE STATE OF INDIANA
v. U.S. REDUCTION CO.

[No. 3-774A114. Filed March 22, 1976. Rehearing denied April 26, 1976.]

*Zarko Sekerez,* Pro Se.

*Joseph E. Costanza, Murphy, McAtee, Murphy & Costanza,* of counsel, of East Chicago, for appellee.

HOFFMAN, J.—Relying upon the provisions of certain statutes conferring jurisdiction and prescribing procedure in environmental suits, plaintiff-appellant Zarko Sekerez, on September 19, 1973, filed a complaint against defendant-appellee U. S. Reduction Co. (Reduction). The complaint generally sought temporary and permanent equitable relief and alleged, *inter alia,* that Reduction had, for a number of years, been discharging chemicals and matter into the atmosphere thereby giving rise to pollution and causing the impairment and destruction of the environment. Subsequently, Reduction filed a motion to dismiss for lack of jurisdiction over the subject-matter, alleging that Sekerez had failed to exhaust administrative remedies and had failed to comply with the procedural requirements set forth in IC 1971, 13-6-1-1 (Burns Code Ed.). The trial court thereafter granted Reduction's motion to dismiss. Following the overruling of his motion to correct errors, Sekerez perfected this appeal. Whether the trial court erred in granting Reduction's motion to dismiss represents the central issue to be considered on review. For this, we turn to an examination of IC 1971, 13-6-1-1, *supra,* and the supplementary provisions of IC 1971, 13-7-11-2(b) (Burns Code Ed.). IC 1971, 13-6-1-1, *supra,* provides, in pertinent part, as follows:

"(a) [A]ny citizen of the state of Indiana *** may maintain an action for declaratory and equitable relief in the name of the state of Indiana against any *** corporation, *** for the protection of the environment of the state from significant pollution, impairment or destruction. Any citizen, *** as a condition precedent to maintaining such action, shall give notice in writing by registered or certified mail to the department of natural resources and the state board

of health, or their successor agency in environmental affairs, and to the attorney-general of the state who shall promptly notify all state administrative agencies having jurisdiction over or control of the pollution, impairment, destruction, or protection of the environment for which relief is sought.

"(b) No action shall be maintained under this chapter [13-6-1-1—13-6-1-6] unless the administrative agency to whom such notice was given and having jurisdiction as set out in subsection (a) fails to investigate and conduct a hearing to determine whether or not the accused is a pollutor as defined by law or regulation. The complainant shall be joined as a party. *If the agency fails to hold a hearing and make a final determination within one hundred eighty [180] days after receipt of notice by the attorney-general as provided in subsection (a), action may be maintained and such agency shall be joined as a party defendant.*

"(c) If the administrative agency holds a hearing and makes a final determination within one hundred eighty [180] days, an appeal from its action may be taken in the manner prescribed by law." (Emphasis added.)

IC 1971, 13-7-11-2(b), *supra,* further provides that,

"*Any person who has filed a complaint pursuant to IC 1971, 13-6-1-1 to, and including, 13-6-1-6 may, if the board or agency has either (a) refused to proceed, or (b) one hundred eighty [180] days have elapsed from the filing of the complaint without a final determination, proceed against the alleged violator,* and in such event the board or agency shall not be joined as a party: Provided, however, the board or agency may intervene in any such proceeding." (Emphasis supplied.)

In his complaint, Sekerez specifically alleged that he had "given notice in writing by certified mail to the Air Pollution Control Board of the State of Indiana and the Attorney General of the state as required by Public Law 182 [IC 1971, 13-6-1-1, *supra*]." A copy of a letter from the Attorney General to the Air Pollution Control Board was appended to the complaint as Exhibit "A". It disclosed that the Attorney General had received such notice on March 20, 1973. The complaint further alleged that "[t]he Air Pollution Control Board of the State of Indiana [had] failed to hold a hearing *and* make a final determination within one hundred eighty

(180) days after receipt of notice by the Attorney General ***." (Emphasis added.) The complaint was filed after the expiration of the 180-day period.

In a memorandum in support of its motion to dismiss under Ind. Rules of Procedure, Trial Rule 12(B)(1), Reduction asserted that "[o]n March 20, 1973, the plaintiff filed Notice of Intent to Sue pursuant to Public Law 182 ***. Thereafter, the Indiana Air Pollution Control Board conducted an investigation and hearing on the issue of whether the defendant was in compliance with the air pollution rules and regulations of the *** Board. These administrative proceedings resulted in a 'binding and legally enforceable' Agreement, or Final Order, being issued by the *** Board within the relevant 180 day period. ***." Reduction concluded: "Thus, it is clear that, contrary to the allegations of plaintiff's complaint, a hearing had been held and a final determination made within the relevant 180 day period." Appearing in the record with appellee's motion to dismiss is a copy of a letter purportedly sent to Mr. Sekerez by Mr. Ralph C. Pickard, Technical Secretary of the Board. The letter, omitting formal parts, reads as follows:

"Re: Notice of Intent under Public Law 182

"This is to advise you that the Board, at its July 12, 1973, meeting, was informed as to the status of the staff's investigation of the air pollution problems for the three sources about which you filed Notices of Intent to sue based on Public Law 182.

"U.S. Reduction Company has filed with the East Chicago Department of Air Quality Control a compliance timetable which was accepted by the Department on June 29, 1973. The timetable calls for compliance by December 31, 1973. The staff deems this timetable adequate. The Board took no action at this time other than to request you to be so advised.

"Inland Steel Company and Youngstown Sheet & Tube Corporation are negotiating Agreed Orders with the Board. Drafts have been submitted by both companies but are not fully satisfactory and further discussions will be held.

"If you have any questions or wish to discuss this matter

further, please write to the attention of Mr. Harry D. Williams, Director, Division of Air Pollution Control, at the above address; or contact him by phone at (317) 633-4273."

This court, in *Cooper et al.* v. *Co. Bd. of Review* (1971), 150 Ind. App. 232, at 236-37, 276 N.E.2d 533, at 536, had occasion to discuss the proper usage and effect of a motion to dismiss for lack of jurisdiction over the subject-matter under Trial Rule 12(B)(1), *supra.* Therein, the court stated,

"Prior to the adoption of the Indiana Rules of Trial Procedure, effective January 1, 1970, the defense of lack of jurisdiction of the subject matter could be raised by demurrer, plea in abatement, or by motion to dismiss, depending upon the circumstances. Rule TR. 12(B)(1) simplified raising this defense by providing for either a consolidated motion before answer or by the answer itself. Harvey's Indiana Practice, Vol. 1, pp. 604-608.

"As under the old rules of pleading, this defense is still available at any time. It cannot be waived and may be raised by the parties or the court at any point during the action including appeal. *Wedmore* v. *State* (1954), 233 Ind. 545, 122 N.E.2d 1; *McCoy* v. *Able* (1891), 131 Ind. 417, 30 N.E. 528.

"Since Rule TR. 12 is substantially a carbon copy of Federal Rule 12, certain federal procedures apply to a Rule TR. 12(B)(1) motion, others will not.

"In the federal courts jurisdiction of the subject matter must be affirmatively pleaded, and in the absence of proper jurisdictional averments the complaint may be dismissed. (See *Miller* v. *Brown Ship Building Co.* (1948), (C.A. 5) 165 F.2d 956). Specific jurisdictional allegations are usually not necessary under our practice since most courts of this state possess general jurisdiction. *Loeb* v. *Mathis* (1871), 37 Ind. 306. Further, where a question of failure to pursue statutory remedies is concerned, it is not the failure to allege which preempts the jurisdiction of the court, but rather *it is the 'failure to comply with the statute that is jurisdictional.' Monon R.R. Co.* v. *Citizens of Sherwood Forest Addition, Marion County* (1970), 146 Ind. App. 620, 257 N.E.2d 846; *Ballman* v. *Duffecy,* (1952), 230 Ind. 220, 102 N.E.2d 646.

"Federal case law allows affidavits to be filed by the parties where a motion to dimiss for want of subject-matter

jurisdiction is before the court. In considering such a motion, unlike a motion to dismiss for failure to state a claim or motion for summary judgment, the court may weigh the evidence before it to determine the existence or nonexistence of the requisite facts. (See *Ramirez and Feraud Chili Co.* v. *LasPalmas Food Co.* (1956), (D.C. Cal.), 146 F. Supp. 594, *aff'd* 245 F.2d 874, *cert. denied* 78 S.Ct. 384, 355 U.S. 927, 2 L.Ed.2d 357). *We agree that use of affidavits for this purpose is a necessary aid to the court's decision.*

"When a trial court is confronted with a motion to dismiss under Rule TR. 12(B)(1), it must, then, decide upon the complaint, the motion, *and any affidavits or other evidence submitted* whether or not it possesses the authority to further adjudicate the action." (Footnote omitted; emphasis supplied in part.)

In the present case, the complaint, on its face, alleges compliance with the requirements and fulfillment of the conditions precedent embodied in IC 1971, 13-6-1-1, *supra*, and IC 1971, 13-7-11-2(b), *supra*. In such event, it is incumbent upon the movant to affirmatively show by affidavit or through evidence submitted at a hearing on the motion that jurisdiction over the subject-matter is lacking. Herein, the motion to dismiss represents no more than a denial of the allegations contained in the complaint. The above quoted letter, assuming it to be an exhibit incorporated as a part of the motion, neither discloses that a hearing was conducted regarding the alleged pollution on the part of Reduction nor does it reveal that a final order pertaining to Reduction had been entered within the 180-day period beginning on March 20, 1973. The jurisdictional averments presented in the complaint are not controverted by any evidence appearing in the record; and the granting of the motion to dismiss cannot, therefore, be regarded as proper.

In passing, we note that the present case differs from the related case of *Sekerez* v. *Youngstown Sheet and Tube Company* (1975), 166 Ind. App. 563, 337 N.E.2d 521. Therein, appellant Sekerez filed a similar complaint against Youngstown and Youngstown responded with a similar motion to

dismiss under Trial Rule 12(B)(1), *supra*. However, in *Youngstown* the record affirmatively disclosed that the Board had issued agreed findings of fact and a final order requiring that Youngstown comply with applicable air pollution standards within various limitation periods. We affirmed the judgment of the trial court in granting Youngstown's motion and, based upon an examination of the applicable statutory provisions, stated that "appellant * failed to come within the purview of either IC 1971, 13-6-1-1(b) [(Burns Code Ed.)], or IC 1971, 13-7-11-2(b), *supra* ***." (*Ibid.*, at 569 of 166 Ind. App., at 525 of 337 N.E.2d.) In this case, appellant has, on the face of his complaint, brought himself within the purview of the statutes; and appellee Reduction has failed to demonstrate otherwise.

Accordingly, the judgment of the trial court entered herein is reversed.

Reversed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 344 N.E.2d 102.