Dudgeon v. Bronson.

---

### DUDGEON v. BRONSON ET AL.

[No. 19,849. Filed October 15, 1902. Rehearing denied December 16, 1902.]

EASEMENTS.—*Private Road.*— *Way of Necessity.*—The fact that a way sixteen feet wide which has been recognized and in use for twenty-five years is so low and wet that plaintiff can not pass over the same without inconvenience and difficulty, does not entitle him to an increase in the width of the road. *pp. 563–565.*

APPEAL AND ERROR.—*Petition for Rehearing.*—*Court Can Not Extend Time for Filing.*—The court has no power to extend the time for filing a petition for a rehearing beyond the time fixed by §674 Burns 1901. *p. 566.*

From Allen Superior Court; *W. J. Vesey,* Judge.

Dudgeon *v.* Bronson.

Suit by Mary C. Bronson and husband against Charles H. Dudgeon for the extension of a private way. From a judgment for plaintiffs, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Reversed.*

*Wilmer Leonard* and *Elmer Leonard,* for appellant.
*E. V. Harris,* for appellees.

DOWLING, C. J.—Mary C. Bronson,.the plaintiff below, with whom was joined her husband, sued the appellant for a way of necessity over lands owned by him. The court overruled a demurrer to the amended complaint. A special finding of facts was made, and conclusions of law were stated thereon. The appellant excepted to each conclusion. Motions for a new trial and for a *venire de novo* were also made and overruled. These decisions of the court are assigned for error.

The complaint shows that in 1875, one Stone owned two tracts of land in Allen county, one of which contained 160 acres, and the other forty acres. Stone sold the larger tract in 1875 to one Benninghoff, and in the same year conveyed the smaller to the appellee Mary C. Bronson. The 160 acre tract bordered upon a highway, but the forty acre tract had no outlet. The appellant is a remote grantee of Benninghoff. The successive owners of the larger tract have recognized the right of the appellee to a way over the same to the public highway, and such way is in use by the appellee, but, on account of the character of the location of the said way, which is low and wet for a large part of the year, and the nature of the soil, which is soft, the appellee can not pass over the said way without inconvenience and difficulty. In its present condition, the said way is useless .to the appellee for ingress and egress to and from her land, and an additional strip four feet in width, running the whole length of said way, is required to render said way passable and useful. The appellant refused to let the ap-

pellee use such additional strip, and has forbidden her to enter upon the same. The relief prayed for is that the width of the way be fixed at twenty feet.

The case stated in the complaint is one in which the appellee was originally entitled to a way of necessity. Stone owned both the outer and larger tract bordering on the highway, and the inner and smaller one which had no outlet. If the smaller tract was first sold, the right of access to the highway over the lands of the grantor was appurtenant to the grant. If the larger tract was first sold, then a way of necessity was impliedly reserved by the grantor for the benefit of the forty acre tract. But it appears from the complaint that, after the conveyance of the two tracts by Stone, a way, sixteen feet in width, was granted to and accepted and used by the appellee, and that she still continues to use it. She does not allege that she has no outlet from her land to the public highway, but says that the way,—which we must presume was agreed upon between the appellee and the appellant, or his grantors,—has become wet and inconvenient, and therefore useless. Having accepted a way of a certain width, and over a particular part of the lands owned by the party holding the servient estate, the appellee has no right to change it, but must be confined to the way thus selected. The grounds of the complaint are mere matters of inconvenience. That the way once selected and agreed upon is too steep, or too narrow, or too wet, does not entitle the appellee to demand a new way, or to increase the width, or change the direction of the old one. The right of way from necessity over the land of another is always of *strict necessity,* and nothing short of this will create the right.

It is said in *Ritchey* v. *Welsh,* 149 Ind. 214, 40 L. R. A. 101, that: "When the way is once selected it can not be changed by either party without the consent of the other." Citing *Nichols* v. *Luce,* 24 Pick. (Mass.) 102; *Holmes* v. *Seely,* 19 Wend. 507, 510; *Morris* v. *Edg-*

*ington,* 3 Taunt. 23; Goddard, Law of Easements (Bennett's ed.), 351.    See, also, 2 Washburn, Real Property (4th ed.), 306; Washburn, Easements and Serv. (4th ed.), 258, 263.

"The grantee is bound to keep the way in repair, and is not permitted to go *extra viam* as a traveler upon a *public highway* is allowed to do when the way is *impassable,* except, *it seems,* when the private way is *temporarily* or *accidentally* obstructed." *Holmes* v. *Seely, supra.*

"Where the right to an easement is granted without giving definite location and description to it, the exercise of the easement in a particular course or manner, with the consent of both parties, renders it fixed and certain, and the dominant owner has no right afterwards to make changes affecting its location, extent, or character."    10 Am. & Eng. Ency. Law (2d. ed.), 430, and cases cited in note 3.

The situation of the appellee is the same as if her deed from the owner of the servient tract had expressly granted and described a way sixteen feet wide from her forty acre lot over the 160 acre tract to the highway, along the route followed by the way she now owns.    In that case she certainly could not have compelled the appellant to give her a new way, or to increase the width of the old one.

As it appears from the complaint that the appellee can get to her property from the highway over a way already belonging to her, and as that way must have been selected or agreed upon by her, no ground is shown for her claim to an additional strip as a way of necessity.    The demurrer to the complaint should have been sustained.    The other errors assigned need not be considered.

For the error of the court in overruling the demurrer to the complaint, the judgment is reversed, with directions to sustain the demurrer, and for further proceedings in accordance with this opinion.

## ON PETITION FOR REHEARING.

Per Curiam.—The court has no power to extend the time for filing a petition for a rehearing beyond the time fixed by §674 Burns 1901. Application for extension is therefore denied.