# WILSON v. GLASCOCK.

[No. 10,195. Filed February 18, 1920. Rehearing denied April 29, 1920. Transfer denied November 19, 1920.]

1. EASEMENTS.— *Way of Necessity.— Termination.—* Where a way across lands of another was an existing way of necessity, it ceased to exist when the necessity ceased. p. 259.

2. EASEMENTS.—*Roadway to Public Highway.—Purchase of Connecting Land.—*Where a roadway across defendant's land and leading to the public highway was an appurtenance to the tract of land owned by plaintiff, the fact that plaintiff purchased other land connecting such tract with a public highway will not have the effect of destroying the easement over and across the land owned by defendant. p. 259.

3. EASEMENTS.—*Right of Way.—"Appurtenances".—Conveyance of Estate.—Effect.—*The term "appurtenances" includes a right of way incident to land or an estate, and such a right of way passes as an appurtenance with a conveyance of the estate, even though the deed does not in terms mention or convey appurtenances. p. 262.

4. EASEMENTS.—*Use of Way Appurtenant to Land.—Questions of Fact.*—In an action to quiet title to an easement across land owned by defendant, whether the right to use a roadway across defendant's land was appurtenant to plaintiff's land, *held* a question of fact.    p. 264.

5. EASEMENTS.—*Use of Way Appurtenant to Land.—Evidence. —Sufficiency.*—In an action to quiet title to an easement in a roadway across defendant's land, *held* that, under the facts found, the roadway was appurtenant to the land conveyed to plaintiff.    p. 264.

From Henry Circuit Court; *Fred C. Gause,* Judge.

Action by Lafayette Glascock against Elizabeth Wilson.    From a judgment for plaintiff, the defendant appeals.    *Affirmed.*

*Robert L. Mason, James E. McCullough* and *Robert F. Reeves,* for appellant.

*Barnard & Barnard* and *Thomas E. Glascock,* for appellee.

McMAHAN, J.—The only question involved in this appeal is whether the appellee was at the commencement of this action the owner of an easement across certain land owned by appellant.    The appellee filed his complaint in four paragraphs to quiet his title to said easement, specifically describing the same.    Appellant filed a cross-complaint to quiet her title to the land over which the easement is claimed.    The issues were closed by general denials.    The case was tried by the court, and the facts were found specially.

It appears from the special finding that on August 22, 1874, and for a long time prior thereto, one Thomas Glascock was the owner and in possession of the southeast quarter of section 13, township 26 north, range 7 east, together with other lands in said section.    Long before and ever since August 22, 1874, there has existed and still exists a public highway running east and west along the south side of said land, and another extending

north and south along the east side of said land. For more than twenty years there has existed and still exists another public highway extending north and south on the center line of the west half of said section. The real estate so owned by Thomas Glascock extended to and bordered upon said highways on the south and east boundary lines of said section, but no part of said real estate extended to or touched any other public highway. On August 22, 1874, Thomas Glascock and wife by warranty deed conveyed the northwest quarter of the southeast quarter of said section with other lands to the appellee. On the same day he conveyed the southeast quarter of said southeast quarter by warranty deed to Jasper N. Glascock, and, in August, 1875, conveyed the northeast quarter of said southeast quarter to other parties. On August 19, 1877, he conveyed the southwest quarter of said southeast quarter, the same being the tract of land now owned by appellant, to one Nelson T. Clift, from whom appellant purchased said tract in 1916. In February, 1908, appellee purchased twenty acres off the north end of the east half of the southwest quarter of said section, said twenty acres connecting the tract so purchased by appellee from Thomas Glascock in 1874 with the public highway running north and south through the west half of said section. At the time Thomas Glascock sold said real estate to appellant he resided thereon. His dwelling house and farm buildings used in connection therewith were situated on the tract of land so sold to the appellee, and were located near the south line of said tract. The dwelling house was about fifty rods east of the west side of said tract, his barn about twenty rods east of the house, and about ten rods west of the east side of said tract.

There is now, and for more than fifty years last past has been, a roadway running north from the highway

on the south side of said section to the southern line of the tract so sold to appellant, and extending east along the north side of appellant's land a number of rods, furnishing a road to and from the real estate so sold, and now owned by the appellee. Said driveway is twenty-three feet wide, and is located near the center of the tract now owned by appellant.

The court specifically found that said roadway was in existence and use obviously and apparently permanent by said Thomas Glascock, as a part of and appurtenant to the land now owned by appellee, during the time said Thomas Glascock owned said real estate, together with the real estate now owned by appellant, upon which said roadway is located, and was so in existence and use as an obvious and apparently permanent roadway appurtenant to the land conveyed by Thomas Glascock to appellee; that said roadway, at the time of said conveyance to appellee, was reasonably necessary for the fair enjoyment of said land so conveyed; that by said conveyance, an easement and right in and to said roadway, for the purposes of ingress and egress, passed to the appellee; that said roadway has so continued in existence and use as an obvious and apparently permanent roadway and appurtenant to said land from the time of said conveyance to and including the time of the trial; that the appellee ever since said conveyance to him has been, and still is, the owner of said tract, and during all of said time has continued to use said roadway as a part of and appurtenant to said land; that said roadway has been in existence and fenced ever since August 22, 1874; that all of the land owned by appellee in said section was surrounded by land owned and possessed by other individuals, and did not touch any public highway; and that appellee could reach no public highway without passing over the land of other individuals until he purchased the twenty-acre tract in

1908 as hereinbefore mentioned. There were no reservations or exceptions in any of the conveyances and no reference to any right of way or easement upon or over any of the land described in any of the deeds made and executed by Thomas Glascock.

The court upon the facts concluded that the law was with the appellee upon the complaint and cross-complaint, and that his title to said right of way and easement as a roadway should be quieted in him.

It is appellant's contention that the easement existed as a way of necessity, and that, appellee having acquired other property over which he could reach a public highway from the lands purchased from Thomas Glascock, his right to the way over the land of appellant ceased. Appellee's contention is that Thomas Glascock, while he was the owner of the lands now owned by appellant and appellee, imposed an apparently permanent and obvious servitude upon the tract now owned by appellee, and that at the time of the conveyance of the tract to appellee said servitude was in use, and was reasonably necessary for the fair enjoyment of the land conveyed to appellee, and was appurtenant thereto; that, upon the conveyance to appellee, there arose by implication of law a grant of the right to continue the use of such servitude.

If the way across the land of appellant was a way of necessity, it ceased to exist when the necessity ceased. If, however, said way was an appurtenance to

1-2. the tract of land conveyed to and now owned by appellee, the fact that appellee purchased other land connecting the tract of land so purchased from Thomas Glascock in 1874 with a public highway will not have the effect of destroying the easement over and across the land now owned by appellant.

The Supreme Court of this state, in *John Hancock, etc., Ins. Co.* v. *Patterson* (1885), 103 Ind. 582, 2 N. E.

188, 53 Am. Rep. 550, in discussing the subject of implied grants, said: "As a basis for the application of the doctrine, there must have existed a unity of seizin, and a disposition and arrangement of the several parts of one estate with relation to each other, followed by a severance in the ownership. During the unity of title, the owner may subject one of several tenements or adjoining parcels of land to such arrangements, incidents or uses, with respect to the other, as may suit his taste or convenience, without creating an easement in favor of the one as against the other. This is so because the owner cannot have an easement in land of which he has the title. The inferior right is merged in the higher title. By the common law it is said to be extinguished by the unity of title. In the civil law it is lost by 'confusion.' By both, if the easement existed before the unity of seizin, it may revive upon a severance, or, if none existed, such arrangements may be adopted while the seizin is united, as that upon a severance an easement will be created by implication of law.

"Where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another, which at the time of the severance is in use, and is reasonably necessary for the fair enjoyment of the other, then, upon a severance of such ownership, whether by voluntary alienation or by judicial proceedings, there arises by implication of law a grant or reservation of the right to continue such use. In such case, the law implies that with the grant of the one an easement is also granted or reserved, as the case may be, in the other, subjecting it to the burden of all such visible uses and incidents as are reasonably necessary to the enjoyment of the dominant heritage, in substantially the same condition in which it appeared and was used when the grant was made." Continuing, the court, after reviewing the authorities, said (p. 589):

"The reasonable application of the doctrine, as we deduce it from the authorities, however, leads to the general conclusion that if the service imposed on one, during the unity of possession of two parcels of land, was of a character looking to permanency, and the discontinuance of such service would obviously involve an actual and substantial rearrangement of that part of the estate in whose favor the service was imposed, to the end that it might be as comfortably enjoyed as before, then such a degree of reasonable necessity would seem to exist as would raise an implication that the use was to be continued."

In *Parish* v. *Kaspare* (1887), 109 Ind. 586, 10 N. E. 109, the court said: "We suppose it to be perfectly clear, that if the owner of land annexes to part of it a right of way as appurtenant to the land, and then conveys the land to which the way is made an appurtenance, his grantees, near and remote, acquire an easement."

In *Moore* v. *Crose* (1873), 43 Ind. 30, a way was claimed as being appurtenant to a tract of land. The court, in discussing the question, said: "The appellant claims that the way was appendant or appurtenant to the land conveyed by that deed. If so, the right to the way passed by the deed conveying the land, and not by the separate quitclaim deed. 'Ways are said to be appendant or appurtenant when they are incident to an estate, one terminus being on the land of the party claiming. They must inhere in the land, concern the premises, and be essentially necessary to their enjoyment. They are of the nature of covenants running with the land, and like them must respect the thing granted or demised, and must concern the land or estate conveyed.' "

This court, in *Lucas* v. *Rhodes* (1911), 48 Ind. App. 211, 224, 94 N. E. 914, said: "Where the owner of an

estate imposes upon one part an apparent and obvious servitude in favor of another, and at the time of the severance of ownership such servitude is in use, and is reasonably necessary for the fair enjoyment of the other, then, whether the severance is by voluntary alienation or by judicial proceedings, the use is continued by operation of law"—citing *John Hancock, etc., Ins. Co.* v. *Patterson, supra.*

The term "appurtenances" includes a right of way incident to land or an estate. Such right of way passes as an appurtenance with a conveyance of the estate, even though the deed does not in terms mention or convey appurtenances. *Spencer Stone Co.* v. *Sedwick* (1915), 58 Ind. App. 64, 105 N. E. 525.

3.

In *Robinson* v. *Thrailkill* (1887), 110 Ind. 117, 10 N. E. 647, the appellee claimed to be the owner of an easement to a private way over the land of appellant. In affirming the case, the court held that: "The easement passed with the grant of the land to which it was appurtenant, and was a burden upon the servient estate in the hands of subsequent owners."

A technical distinction has been made in some cases between what are called "apparent and continuous easements," and "discontinuous easements," the former being defined to be those constant and visible, and the latter those which are only visible in their exercise. Numerous cases can be found holding that a right of way is not such a continuous easement as will pass by implication upon the severance of an estate, inasmuch as it is enjoyed merely at intervals, leaving in the interim no visible sign of its existence. There is another line of cases holding that ways which are visibly and permanently established on one part of an estate for the benefit of another part of the same estate will, upon a severance of the estate, pass for the benefit of the

estate for which they were established.   The idea underlying these decisions is that the way, being a formed and inclosed road, is considered a continuous and apparent easement, which will pass by implication.   14 Cyc 1170, and authorities cited in note 13; 9 R. C. L. 740, and authorities cited in note 17.

In *Baker* v. *Rice* (1897), 56 Ohio 463, 47 N. E. 653, the court applied the rule just stated to a private way which was found to be plainly obvious and apparent, and reasonably necessary for the use and enjoyment of the property to which it was claimed to be appurtenant. In a syllabus prepared by the court it is said:   "Where one who is the owner of a body of land, during his occupancy of it, constructs a private way over one part of it to another as a means of egress and ingress to the latter from his home and also to the public highway, which way is apparent, continually used, and reasonably necessary to the use and enjoyment of the land to which the way is constructed, and, also adds materially to its value, conveys by deeds of the same date, the part with the way to it to one of his children and the part with the way over it to another one of them each takes his part to be enjoyed with reference to the way as the same existed at the time of the division—the one with an implied grant of the way to it, and the other subject to such way as an easement therein."

To the same effect, see *Dee* v. *King* (1905), 77 Vt. 230, 59 Atl. 839, 68 L. R. A. 860; *Mitchell* v. *Seipel* (1879), 53 Md. 251, 36 Am. Rep. 404; *Scott* v. *Moore* (1900), 98 Va. 668, 37 S. E. 342, 81 Am. St. 749; *Liquid Carbonic Co.* v. *Wallace* (1908), 219 Pa. 457, 68 Atl. 1021, 26 L. R. A. (N. S.) 327; *Rollo* v. *Nelson* (1908), 34 Utah 116, 96 Pac. 263, 26 L. R. A. (N. S.) 315; *Grace Church* v. *Dobbins* (1893), 153 Pa. 294, 25 Atl. 1120, 34 Am. St. 706; *Brown* v. *Alabaster* (1887), L. R. 37 Ch. Div. 490.

Whether the right to use the way across appellant's land was appurtenant to the land of appellee was a question of fact. *Quirk* v. *Falk* (1874), 47 Cal. 453; *Spencer Stone Co.* v. *Sedwick, supra.* The court found the facts to be that at the time Thomas Glascock conveyed the tract of land to appellee in 1874, the roadway in controversy was in existence and use obviously and apparently permanent as a part of and appurtenant to the land so conveyed, and reasonably necessary to the fair enjoyment of said land, and that by such conveyance and easement in and to said roadway for the purposes of ingress and egress to said land passed to the appellee. We hold, under the facts as found, that the roadway in controversy was appurtenant to the land conveyed to appellee, and the judgment should be affirmed.

Judgment affirmed.