John BROCK and Jean Brock,
Defendants-Appellants,

v.

B & M MOSTER FARMS, INC.,
Plaintiff-Appellee.

No. 1–385A64.

Court of Appeals of Indiana,
First District.

Aug. 12, 1985.

William L. Soards, Soards & Carroll, Indianapolis, John W. Bodwell, Baker & Bodwell, Connersville, for defendants-appellants.

Melvin F. Wilhelm, Barrett & Wilhelm, Brookville, for plaintiff-appellee.

## STATEMENT OF THE CASE

NEAL, Judge.

Defendants-appellants, John and Jean Brock (Brock), appeal from a judgment of the Franklin Circuit Court in favor of plaintiff-appellee, B & M Moster Farms, Inc. (Moster), on its complaint for mandatory injunction regarding Brock's expanded use of their easement over Moster's land.

We affirm.

## STATEMENT OF THE FACTS

In 1911, John Roemer conveyed to Clarence Schreiber 40 acres of land in Franklin County. The parcel of land so conveyed abutted other acreage owned by Roemer but had no access to a public roadway. The warranty deed (Roemer/Schreiber deed) contained the following provision:

"Also, a right-of-way for wagon, horses and footpassers, and no hauling can be done over said right-of-way when the ground is soft from heavy rains or when thawing out in the spring of the year.

The Grantor, John Roemer, reserves the right to put and maintain a gate at the northeast end of said right-of-way, which gate said Schreiber and his grantees and assigns shall close and keep shut after passing through it."

By warranty deed dated November 25, 1964, Brocks acquired from Alice Blair, title to the 40 acres previously owned by Schreiber. There still existed no direct access to a public roadway from this estate. This deed states:

"ALSO, a right of way for ingress and egress for horses, wagons, vehicles and persons on foot and over the Northeast Quarter of the Southwest Quarter of Section 26, Township 12 North, Range 13 East subject to condition and regulations set forth in deed from John Roemer to Clarence W. Schreiber dated April 29, 1911."

The land particularly described covers the expanse of the right-of-way developed by Schreiber connecting his property to Roemer Road, which way cuts across a corner of the property then owned by John Roemer. This land was purchased by Moster from Edward Kuehn in 1978. Contained in an addendum to Moster's contract to purchase is a clause reading:

"This conveyance is made subject to a right-of-way for wagons, horses and foot passers on and over the northeast quarter of the southwest quarter of section 26, township 12, range 13 east, more particularly described in a warranty deed to Clarence W. Schreiber."

In 1971 Roemer Road was extended to provide direct access to Brocks' property.

Moster filed its complaint in November of 1983, alleging Brocks were in the process of constructing a private drive over its real estate particularly described above. Brocks counterclaimed, requesting an injunction prohibiting Moster from interfering with their use of the right-of-way. The trial court found the right-of-way granted in the Roemer/Schreiber deed was limited to use for agricultural purposes only. Brocks were enjoined from entering upon Moster's land except in accordance with the

trial court's interpretation of the limited easement, and from expanding the use of the right-of-way or making any construction thereon. Brocks appeal from this order.

## ISSUE

Brocks now assert that the ruling of the trial court is contrary to law and the evidence, as it is not sufficiently supported by the evidence.

## DISCUSSION AND DECISION

■ The clause from the Roemer/Schreiber deed quoted above provides for an easement by express grant. Even without this, the law would have implied a "way of necessity" to afford Schreiber a means of access to a public thoroughfare over Roemer's property. *See New York Central Railroad Company v. Yarian,* (1942) 219 Ind. 477, 39 N.E.2d 604.

■ In construing an instrument creating an easement, the trial court must ascertain and give effect to the intention of the parties, which is determined by a proper construction of the language in the instrument from an examination of all the material parts thereof. Where the provision is ambiguous, the court may consider the situation of the property and the parties, and the surrounding circumstances at the time the instrument was executed to determine intent. *Cleveland, Cincinnati, Chicago & St. Louis Railway Company v. Griswold,* (1912) 51 Ind.App. 497, 97 N.E. 1030. Here, the mere passage of time and development of society subsequent to the Roemer/Schreiber deed creates a latent ambiguity in the 1911 language authorizing use of the right-of-way by "wagons, horses and footpassers". *See Board of Directors, Ben Davis Conservancy District v. Cloverleaf Farms, Inc.,* (1977) 171 Ind.App. 682, 359 N.E.2d 546. In the case of doubt or uncertainty, the grant of an easement will ordinarily be construed in favor of the grantee. *Indiana Broadcasting Corp. v. Star Stations of Indiana,* (1979) 180 Ind. App. 207, 388 N.E.2d 568.

■ Fundamental rules of construction guide us here. The proper function of a particular easement should be gleaned by contemplating not the character of the traffic intended to travel the way, but rather the purpose to be served by the traffic. *Yarian, supra.* Looking at the language of the clause here we first note the term "right-of-way" traditionally refers to an easement of access arising out of necessity upon severance of the unity of title in a tract of land such that the conveyance deprives one of access to his parcel of property. *See e.g. Brown v. Heidersbach,* (1977) 172 Ind.App. 434, 360 N.E.2d 614; *Selvia v. Reitmeyer,* (1973) 156 Ind.App. 203, 295 N.E.2d 869. *See Also* 11 I.L.E. *Easements* Sec. 18 (1958). Such was the situation here, in 1911. This court has previously construed an access easement created in 1907 where "teams and wagons" were authorized to travel the way in conducting their business. *See Jeffers v. Toschlog,* (1978) 178 Ind.App. 603, 383 N.E.2d 457. There, it was determined the easement was created for the purpose of permitting vehicles to pass through the driveway. We find Roemer intended the easement granted to Schreiber to be a general right of ingress and egress to his property, with no limitation to traffic used for agricultural purposes. This particular use is not specified in the deed provision and we will not reconstruct the original parties' agreement. Much discussion at trial revolves around the use made of the easement over the years. We find the purpose of the traffic crossing the right-of-way to the 40 acres which now belong to Brocks was varied and intended to be so. Therefore, Brocks may continue to use the easement across Moster's property for their general ingress and egress to their property.

■ That Roemer Road now affords the Brocks direct access to their property does not terminate the easement because it was expressly granted. *See Reder v. Radtke,* (1961) 132 Ind.App. 412, 177 N.E.2d 669; *Wilson v. Glascock,* (1920) 74 Ind.App. 255, 126 N.E. 231. Nor does the fact the right-of-way was used intermit-

tently effect a termination of the easement because it is not a prescriptive easement. An easement created by grant is generally not lost through mere nonuse. *See Jeffers, supra.* A qualification, which is in the nature of a limitation and which would terminate an easement, must be clearly established. *Indiana Broadcasting, supra.* Nothing in the Roemer/Schreiber deed indicates the right-of-way should expire when the necessity for it ceased. *Cf., GTA v. Shell Oil Company,* (1977) 171 Ind.App. 647, 358 N.E.2d 750.

 We do agree with the trial court that Brocks may not expand the use of the right-of-way or make any construction thereon. An easement cannot be changed to subject the servient estate to a greater burden than was originally agreed upon without the consent of the owner of the servient estate. *Dudgeon v. Bronson,* (1902) 159 Ind. 562, 64 N.E. 910.

> "The servient estate [may only be] burdened to the extent necessary to accomplish the end for which the dominant estate was created. The titleholder of the dominant estate cannot subject the servient estate to extra burdens, any more than the holder of the servient estate can materially impair or unreasonably interfere with the use of the easement." (Citations omitted).

*Brown, supra,* 172 Ind.App. at 438, 360 N.E.2d 614. *See Also Chamberlin v. Myers,* (1918) 68 Ind.App. 342, 120 N.E. 600.

> "All easements are limited to the purpose for which they were created, and their enjoyment cannot be extended by implication."

*Brown,* 172 Ind.App. at 439, 360 N.E.2d 614.

 Brocks correctly cite the rule that owners of easements have a right to make improvements and repairs but only those which are reasonably necessary to make the grant of the easement effectual. *Litzelswope v. Mitchell,* (1983) Ind.App., 451 N.E.2d 366. Brocks stated the right-of-way was passable, therefore mere inconvenience provides no basis for changing its construction. *See Dudgeon, supra.* Brocks have no right to hereafter pave the right-of-way across Moster's pasture. Nor may Brocks subdivide the dominant estate such that there would be increased traffic over Moster's land, creating an extra burden on the servient estate. *Selvia v. Reitmeyer,* (1973) 156 Ind.App. 203, 295 N.E.2d 869. This was clearly not intended by Roemer and Schreiber when the easement was created, or as it passed to subsequent owners. *Cf., Enderle v. Sharman,* (1981) Ind.App., 422 N.E.2d 686.

For the above stated reasons the judgment of the trial court is amended in so far as it limits Brocks' use of the right-of-way for only agricultural purposes. In all other respects, the judgment is affirmed.

Judgment affirmed.

RATLIFF, P.J., and ROBERTSON, J., concur.