Lendon SIZEMORE and Ruth Sizemore, Appellants–Defendants,

v.

H & R FARMS, INC., Harold R. Alig and Ruth M. Alig, Appellees–Plaintiffs.

No. 24A01–9401–CV–5.

Court of Appeals of Indiana, First District.

Aug. 2, 1994.

Rehearing Denied Sept. 27, 1994.

Transfer Denied Dec. 28, 1994.

Gloria K. Grinnan, Indianapolis, for appellants.

David P. Barrett, Brookville, for appellees.

ROBERTSON, Judge.

Lendon and Ruth Sizemore [Sizemore] appeal the judgment entered after a bench trial in favor of H & R Farms, Inc., and Harold R. and Rita M. Alig [Alig] in Alig's action against Sizemore for obstructing Alig's right of way across Sizemore's land. The trial court entered a permanent injunction against Sizemore and awarded Alig $500.00 in compensatory damages and $1,000.00 in punitive damages. Sizemore raises four issues, none of which constitute reversible error. Alig asserts that Sizemore's appeal is frivolous and requests an award of attorney fees for defending this appeal.

## FACTS

The facts in the light most favorable to the trial court's judgment indicate that Alig owns two parcels of land adjacent to Sizemore. Alig has a right of way over Sizemore's land in order to travel from one parcel of his land to another. The right of way includes a portion of Old Highway 52, a paved public highway, and a shorter north-south stretch of

roadway over a canal that Alig had obtained as an easement by prescription.

The parties had litigated their respective rights in the early 1980s. In 1984, the trial court had entered a judgment defining Alig's property interest in the right of way. With respect to the easement by prescription over the canal, the trial court found that the easement was limited to the "agricultural activities and social activities of [Alig]."

Alig has permitted friends, Boy Scouts, Girl Scouts, the 4–H Club, and others to use the right of way to access a picnic area on his land for over thirty-six years. Also, Alig has permitted others to use the right of way to access his land for fishing, hunting, and camping activities as well.

Over the years, Sizemore encroached upon the right of way by placing trucks, a flat-bed trailer, barrels full of rocks, a "no trespassing sign," and a large pile of shingles imbedded with nails in the right of way. Six tires from Alig's van and one tractor tire had been destroyed by debris placed in the roadway at a cost of almost $500.00. Gary Alig had to miss one afternoon of farming to repair one of the tractor tires that had been damaged by debris. At one point Lendon Sizemore had driven his tractor and trailer at a high rate of speed toward an automobile in which Gary Alig was a passenger. Gary testified that he was afraid to maintain the right of way.

The trial court found that Sizemore's obstruction of the right of way was a malicious violation of the 1984 court order done with the intention and purpose of denying Alig his property rights in the right of way. The trial court permanently enjoined Sizemore from encroaching upon and interfering with Alig's use of the right of way. The trial court found that the easement by prescription had been put to extensive use for agricultural and social purposes and was, for all intents and purposes, a general easement. The trial court removed the limitations on the Alig's use of the easement as stated in the 1984 court order and declared that Alig had the unlimited use of the general easement. The trial court awarded Alig $500.00 in compensatory damages and $1,000.00 in punitive damages. This appeal followed.

## DECISION

In the present case, neither party requested the trial court to enter specific findings of fact pursuant to Ind.Trial Rule 52. In such a case, a general finding or judgment will control as to issues upon which the trial court has not expressly found, and special findings will control only as to those issues which they cover. *Quebe v. Davis* (1992), Ind., 586 N.E.2d 914. Special findings will be reversed on appeal only if they are clearly erroneous. *Id.* A general judgment will be affirmed upon any legal theory consistent with the evidence, and the court of review neither reweighs the evidence nor rejudges the credibility of the witnesses. *Id.* Moreover, when reviewing a general judgment, we presume that the trial court correctly followed the law. *Turpen v. Turpen* (1989), Ind.App., 537 N.E.2d 537. The presumption that the trial court correctly followed the law is one of the strongest presumptions applicable to our consideration of a case on appeal. *Baker v. Baker* (1986), Ind.App., 488 N.E.2d 361.

### I.

Whether the trial court erred in removing the limitations on the use of the easement contained in the 1984 court order?

The 1984 court order limited the use of the north-south easement over the canal to the agricultural and social uses of the Aligs. In the present case, the trial court found (in pertinent part:

> That [the Aligs] have put said easement to such extensive use for agricultural and social purposes that said easement for all intents and purposes is a general easement.

The trial court removed the limitations and declared that Alig's easement, obtained by prescription, was general or unlimited in nature. Sizemore argues the trial court erred in subjecting the servient estate (Sizemore's property) to a greater burden without Sizemore's consent, citing *Dudgeon v. Bronson* (1902), 159 Ind. 562, 64 N.E. 910, and *Brock v. B & M Moster Farms, Inc.* (1985), Ind. App., 481 N.E.2d 1106.

A court of equity has the power to require that to be done which should have been done. *Walter v. Balogh* (1993), Ind., 619 N.E.2d 566. Equity attempts to get at the substance of things, and to ascertain, uphold, and enforce the rights and duties which spring from the real relationship of the parties. *Id.*

The Aligs had used the easement for over thirty-six years. The trial court found that, as a result of the extensive use of the easement, it was, for all intents and purposes, a general easement. Thus, the trial court did not subject the Sizemore's land to a greater burden; it had long been, in reality, a general easement.

The trial court did not abuse its equitable discretion by simply declaring that the easement was, in reality, a general, unlimited easement. Therefore, we find no error.

## II.

Whether the trial court's findings that Old Highway 52 and the easement had been obstructed are clearly erroneous?

Sizemore provides a detailed analysis of the evidence in the light most favorable to his position that Alig's right of way had never been obstructed. He argues, essentially, that Alig was always able to get through without too much effort. We decline this invitation to reweigh evidence.

The record contains several photographs depicting obstructions in the roadway, including trucks parked almost to the center of the road and a "no trespassing" sign right in the middle of the road. The trial court's findings are amply supported by evidence and are not clearly erroneous.

## III.

Whether the $500.00 award of compensatory damages is supported by evidence?

Again Sizemore asks us to reweigh evidence. Alig presented evidence that a large pile of shingles, embedded with nails, had been placed in the roadway. Alig proved almost $500.00 in damages to tires alone caused by debris placed in the road. He also proved that he lost time from farming as the result of Sizemore's obstruction of the road. The compensatory damages are supported by evidence and we find no error.

## IV.

Whether the award of punitive damages is supported by clear and convincing evidence?

We are yet again invited to reweigh evidence. Punitive damages may be awarded only if there is clear and convincing evidence that the defendant acted with malice, fraud, gross negligence, or oppressiveness which was not the result of mistake of fact or law, honest error or judgment, overzealousness, mere negligence, or other human failing, in the sum that the fact-finder believes will serve to punish the defendant and to deter such conduct in the future. *Erie Insurance Company v. Hickman by Smith* (1993), Ind., 622 N.E.2d 515. The court on review of an award of punitive damages imposes neither greater judicial scrutiny nor lesser deference to the determination of the fact-finder than it does in the review of other sufficiency questions. *Id.* We will affirm a judgment of punitive damages if, considering all the probative evidence and the reasonable inferences supporting it, a reasonable trier of fact could find such damages proven by clear and convincing evidence. *Id.*

The parties had litigated their respective rights in the early 1980s: there could have been no reasonable misunderstanding on the part of Sizemore with respect to Alig's rights in Old Highway 52 and the easement. The overwhelming evidence of the obstructions placed in the right of way demonstrates a pattern of intentional interference with Alig's property rights. At one point Lendon Sizemore had driven his tractor and trailer at a high rate of speed toward an automobile in which Gary Alig was a passenger. Gary testified that he was afraid to maintain the right of way.

The evidence amply supports the trial court's award of punitive damages. Therefore, we find no error.

V.

Whether Alig is entitled to an award of appellate attorney fees?

 Alig asserts that Sizemore's appeal is frivolous and requests an award of attorney fees for defending this appeal. Alig has not cited any authority in support of such an award. Moreover, Sizemore's claim of error raised under Issue I was not frivolous. Therefore, this request is denied by operation of Ind.Appellate Rule 8.3(A)(7); *Keller v. State* (1990), Ind., 549 N.E.2d 372.

However, the balance of Sizemore's appeal, which amounts to merely an invitation to reweigh evidence in the face of overwhelming evidence in favor of the trial court's judgment, is remarkably lacking in merit. Therefore, we assess damages against Sizemore in favor of Alig in the amount of 10% of the money judgment ($150.00) under Ind.Appellate Rule 15(G) and remand for execution.

Judgment affirmed and remanded.

HOFFMAN, J., concurs.

NAJAM, J., concurs in part and dissents in part with separate opinion.

NAJAM, Judge, concurring in part and dissenting in part.

I concur as to Issues II, III, IV and V. However, I respectfully dissent from the result reached in Issue I.

The majority supports its resolution of Issue I by concluding the trial court could, in its equitable discretion, declare that the prescriptive easement in this case was in reality a general, unlimited easement. I disagree for several reasons. First, the trial court's judgment decided an issue not litigated by the parties. The Aligs sued the Sizemores seeking (1) to enjoin the Sizemores from interfering with their use of the easement established in 1984 and (2) to define by metes and bounds the right-of-way over Old Highway 52. The Sizemores counterclaimed (1) to enjoin the Aligs from any use of the easement not directly resulting from the Aligs' social activities and (2) to define the term "social activities" as set forth in the 1984 judgment. The pleadings do not purport to litigate a change in the use adjudicated in the 1984 proceeding, nor do they request that the court expand the use originally granted to the Aligs.

Second, the record does not show that the issue of expanded use of the easement was tried by the express or implied consent of the parties so that the pleadings were properly amended to conform to such evidence. *See* Ind.Trial Rule 15(B). Implied consent to litigation of an unpled claim or defense may not be deduced merely because there is evidence which *inferentially suggests* a claim or defense not within the pleadings. *Apple v. Kile* (1983), Ind.App., 457 N.E.2d 254, 256–57, *trans. denied.* The new issue must be unequivocally clear from the evidence presented at trial. *Id.* at 256.

Neither the Aligs nor the Sizemores clearly raised the issue of whether the Aligs' easement may be extended for other uses in either their opening statements or at trial through the presentation of evidence on that issue. This issue was not tried by express or implied consent of the parties. *See Orr v. Sonnenburg* (1989), Ind.App., 542 N.E.2d 201, 204 (issue tried by implied consent when opening statement indicated unpled issue would be center of case); *Indiana Stream Pollution Control Bd. v. Tippecanoe Sanitary Landfill, Inc.* (1987), Ind.App., 511 N.E.2d 473, 476, *trans. denied* (unpled issue raised in opening statement and evidence presented at some length on issue). From my review of the record, I cannot say the Aligs acquiesced in the introduction of testimony concerning the unlimited, general use of the easement because evidence was not presented in support of that theory. *See Indiana Stream,* 511 N.E.2d at 476. Accordingly, the trial court erred when it decided an issue neither raised by the pleadings nor tried by implied consent.

My third and final reason for dissenting on Issue I is that even had the parties impliedly consented to a reconsideration of the extent of the easement's permissible uses, the evidence could not, as a matter of law, support the trial court's judgment. Once an easement is created, it is limited to the purpose for which it was created and cannot be extended by implication. *Bauer v. Harris*

(1993), Ind.App., 617 N.E.2d 923, 931. Thus, the only way in which the Aligs' easement could be extended was to establish that since 1984, they had openly, notoriously and continuously used the easement for general purposes, without interruption and under a claim of right, for a period of at least twenty years. *See* I.C. § 32–5–1–1. The Aligs filed their complaint in 1992, only eight years after the court had determined their easement rights. Accordingly, the judgment on this issue is clearly erroneous because the evidence was insufficient as a matter of law to disturb the 1984 judgment only eight years after it was entered. *See id.*

This court should not disturb a trial court's exercise of its equitable discretion where the facts and circumstances support equitable relief. However, in this case I do not believe that the trial court's judgment on this issue can be justified by deference to the court's broad equitable powers.[1] Thus, I conclude that the trial court erred when it extended the Aligs' easement for general, unlimited use. I would reverse and remand as to Issue I.

---

1. I also question whether the trial court has any equitable discretion to extend an easement's uses after the extent of the use had been previously litigated less than 20 years ago. A prescriptive easement is a statutory remedy which arises by operation of law, not pursuant to the court's equitable powers. *See* IND.CODE § 32–5–1–1; *Bauer,* 617 N.E.2d at 931.