# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 06 2016, 7:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William Joseph Jenner
Jenner, Pattison, Sutter & Wynn, LLP
Madison, Indiana

ATTORNEY FOR APPELLEE

Robert D. Wickens
Wickens & Wickens, LLC
Greensburg, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Daniel E. Norris,

*Appellant,*

v.

The Supervised[1] Estate of
Martha A. Norris, Deceased,

May 6, 2016

Court of Appeals Case No.
40A04-1506-ES-631

Appeal from the Jennings Circuit
Court

The Honorable Jon W. Webster,
Judge

---

[1] Daniel Norris brought this appeal as "Daniel E. Norris vs The Unsupervised Estate of Martha A. Norris, Deceased." (Notice of Appeal at 1.) The case is so captioned on Daniel's brief. The appealed order is captioned "In the Matter of the Unsupervised Estateof: [sic] Martha A. Norris, Deceased," (Appellant's App. at 40), but the lower court's cause number, 40C01-1403-ES-002, indicates the estate was supervised. The Appellee's Brief is captioned "Daniel E. Norris vs the *Supervised* Estate of Martha A. Norris, Deceased" (emphasis added).

In its brief, the Appellee says the case was brought in Bartholomew County as a petition for supervised administration, then transferred to Jennings County. But as authority for that statement, the Appellee directs us only to Daniel's "Verified Affidavit/Petition to Contest Will." (App. at 7, 8.) Neither party directs us to any petition for supervised administration in the record. We have captioned our decision in a manner

|  |  |
|---|---|
| *Appellee-Plaintiff.* | Trial Court Cause No. 40C01-1403-ES-2 |

**May, Judge.**

[1] Daniel Norris challenged a will executed by his mother Martha Norris, and the trial court found the will valid. As Martha was not of unsound mind or unduly influenced to revise her will, we affirm.

## Facts and Procedural History

[2] Daniel is one of Martha's four children. In January 2009, the Jennings Circuit Court determined Martha was "incapable of handling the *investment and detailed aspects of her property*, and is thereby found to be an incapacitated person under Indiana law." (Petitioner's Ex. 3) (emphasis added). Therefore, it found a "limited" guardianship over her estate was necessary. *Id*. The trust department at Martha's bank was appointed her limited guardian.

consistent with the cause number. The status of the estate as supervised or unsupervised does not affect our analysis.

In March 2011, the court heard evidence on several issues related to the guardianship. In an Order on All Pending Issues the court noted "serious differences have now arisen among the siblings regarding management of Martha's estate," (Petitioner's Ex. 4), and it "suggest[ed]" Martha "revisit her death planning to clean up much of this mess." (*Id*.) The court acknowledged it could not compel her to do so, but it appointed a guardian *ad litem* to help her decide "what, if any, testamentary planning she wishes." (*Id*.)

In May 2011, Martha's guardian *ad litem* drafted a new will after meeting with her, one of the children, counsel for two of the children, and counsel for the trust department at Martha's bank. Martha died in May 2013. The trust department, as limited guardian, petitioned for probate of the will, and Daniel contested it. After a bench trial the court found the will valid and enforceable.

## Discussion and Decision

In a will contest, the contestor who objects to the probate of a will or tests the validity of a will after probate bears the burden of proof. Ind. Code § 29-1-7-20; *Fitch v. Maesch*, 690 N.E.2d 350, 352 (Ind. Ct. App. 1998), *trans. denied*. As Daniel lost at trial, he is appealing a negative judgment, which we reverse only if it is contrary to law. *See id*. We cannot reweigh the evidence or judge the credibility of any witness. *In re Estate of Holt*, 870 N.E.2d 511, 514 (Ind. Ct. App. 2007), *reh'g denied, trans. denied*.

Neither party asked the trial court to enter specific findings of fact pursuant to Ind. Trial Rule 52. In such a case, a general finding or judgment will control as

to issues on which the trial court has not expressly found, and special findings will control only as to those issues they cover. *Sizemore v. H & R Farms, Inc.*, 638 N.E.2d 455, 457 (Ind. Ct. App. 1994), *reh'g denied, trans. denied*. A general judgment will be affirmed on any legal theory consistent with the evidence. *Id.* When reviewing a general judgment we presume the trial court correctly followed the law. *Id.* The presumption that the trial court correctly followed the law is one of the strongest presumptions applicable to our consideration of a case on appeal. *Id.*

[7] Undue influence[2] is defined as "the exercise of sufficient control over the person, the validity of whose act is brought into question, to destroy his free agency and constrain him to do what he would not have done if such control had not been exercised." *In re Estate of Wade*, 768 N.E.2d 957, 962 (Ind. Ct. App. 2002), *trans. denied*. It is an intangible thing that only in the rarest

---

[2] In his brief Daniel says "[t]he only question was whether or not Martha Norris was under sound mind to execute the Will and was she under any undue influence." (Br. of Appellant at 7.) His argument, however, addresses only undue influence.

"Unsound mind" refers to a person "of such a degree of unsoundness of mind as incapacitates him from making a will according to the standard fixed by the adjudicated cases for testamentary capacity." *Blough v. Parry*, 144 Ind. 463, 43 N.E. 560, 562 (1896). That standard is:

> One who has sufficient mind to know and understand the business in which he is engaged, who has sufficient mental capacity to enable him to know and understand the extent of his estate, the persons who would naturally be supposed to be the objects of his bounty, and who could keep these in his mind long enough to, and could, form a rational judgment in relation to them

has testamentary capacity. *Id.*

Daniel notes Martha had been declared incapacitated in 2009, but there was evidence before the court that when she executed the new will in 2011, she understood the extent of her property and the natural objects of her bounty, and that the will reflected her wishes. We cannot reweigh that evidence. *See, e.g.*, *In re Estate of Holt*, 870 N.E.2d 511, 514 (Ind. Ct. App. 2007).

instances is susceptible of what may be termed direct or positive proof. *Gast v. Hall*, 858 N.E.2d 154, 166 (Ind. Ct. App. 2006), *reh'g denied, trans. denied*. As such, undue influence may be proven by circumstantial evidence, and the only positive and direct proof required is of facts and circumstances from which undue influence may reasonably be inferred. *Id.*

[8] Daniel asserts that because the trial court suggested Martha revisit her death planning, Martha "was being influenced by the court to revisit her will and any change would have resulted from that influence." (Br. of Appellant at 8.) We can find no facts or circumstances from which undue influence by the Jennings Circuit Court may be inferred.[3] Daniel directs us to no evidence from which it could be inferred the trial court's "suggestion" and its appointment of a guardian *ad litem* in any way amounted to "control" over Martha, or that the court's actions destroyed her free agency and constrained her to do what she "would not have done if such control had not been exercised." *Estate of Wade*, 768 N.E.2d at 962. To the contrary, there was evidence the will that was

---

[3] As there was no undue influence, we need not address Daniel's argument that the trial court applied the wrong burden of proof.

Daniel also argues the trial court erred "in validating a will that was the result of a Court order in a guardianship proceeding and did not receive court approval." (Br. of Appellant at 10.) Daniel offers no explanation or citation to authority to support the premise court approval in circumstances like these was required. We therefore will not address that allegation of error. *See, e.g.*, *Watson v. Auto Advisors, Inc.*, 822 N.E.2d 1017, 1027 (Ind. Ct. App. 2005) (when a party does not provide argument and citation to authority, its arguments are waived for appellate review), *trans. denied*; *see also* Ind. Appellate Rule 46(A)(8)(a) (appellate argument must "contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22").

executed after the court made its suggestion accurately reflected Martha's wishes.

## Conclusion

[9] We decline to hold an inference of undue influence could arise from this trial court's suggestion that Martha revisit her death planning and its appointment of a guardian *ad litem* to assist her if she wished to do so. We accordingly affirm the trial court's judgment.

[10] Affirmed.

Najam, J., and Riley, J., concur.