# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 09 2017, 10:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

S. Andrew Burns
Cox, Sargeant & Burns, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

David L. Byers
Andrew J. Noone
Holwager, Byers, & Caughey
Beech Grove, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Scott Tod, | May 9, 2017 |
| *Appellant/Plaintiff/Counterclaim Defendant,* | Court of Appeals Case No. 49A04-1609-CT-2157 |
| *v.* | Appeal from the Marion Superior Court |
| Indy Goldmine, LLC, d/b/a IG Home Improvements, and Aaron McGee, | The Hon. Thomas J. Carroll, Judge |
| *Appellees/Defendants/Counterclaim Plaintiffs.* | Trial Court Cause No. 49D06-1508-CT-28726 |

**Bradford, Judge.**

# Case Summary

Appellant/Plaintiff/Counterclaim Defendant Scott Tod appeals from the trial court's entry of judgment in favor of Appellees/Defendants/Counterclaim Plaintiffs Indy Goldmine, LLC, d/b/a IG Home Improvements ("IG"), and Aaron McGee (collectively, "Defendants"). When Tod purchased his Indianapolis home, he obtained a rehabilitation loan and executed a series of agreements with IG (collectively, "the Contract") to perform a series of renovations, including replacement of the roof. After IG completed some renovations, Tod ultimately hired another contactor to replace his roof, which violated the terms of the Contract.

Tod sued Defendants for breach of contract, conversion, and unjust enrichment, and Defendants countersued Tod for breach of contract. At one point, Tod served Defendants with a request for admissions, which included requests that they admit that Tod had paid them some $21,000.00 for renovations, they had not completed the contracted-for work, and Tod had received no more than $10,000.00 of value. Because Defendants did not timely respond to Tod's requests, the admissions were deemed conclusively established. Following a bench trial, the trial court entered judgment in favor of Defendants and awarded them $8987.50 in damages. Tod contends that the trial court erred because Defendants' admissions automatically entitle Tod to judgment. Because we disagree, we affirm.

# Facts and Procedural History

[3] Tod purchased his Indianapolis home on October 31, 2014, and began to remodel it to address some health and safety issues. To that end, Tod obtained a $35,000.00 203(k) loan.[1] IG was referred to Tod as a provider of contracted 203(k) services. Tod and IG executed a Contract for work on the home, which obligated IG to do many things, including installation of railing on three decks and a handrail for exterior stairs, replacement of rotten trim, demolition, mold remediation, and roof replacement, only some of which IG ultimately completed. IG began work in the first week of November 2014, after Tod closed on the home. Soon after work started, Tod became dissatisfied with IG's work and began to speak with other contractors, eventually having another contractor repair and replace the roof. On December 29, 2014, Tod sent IG a termination notice.

[4] On August 24, 2015, Tod filed suit against Defendants, alleging breach of contract, conversion of funds, and unjust enrichment. On November 24, 2015, Defendants answered Tod's complaint and filed a counterclaim, alleging breach of contract by Tod. On January 26, 2016, Tod served a request for admissions on Defendants, which included the following requests:

> REQUEST FOR ADMISSIONS NO. 1: Please admit that you/IG received and cashed a check in the amount of $6,000.00 from Plaintiff on or about November 1, 2014.
>
> …

---

[1] A 203(k) loan is a "rehabilitation loan" as defined by 24 C.F.R. § 203.50 and that is eligible for insurance pursuant to Section 203(k) of the National Housing Act. *See* 12 U.S.C. 1709(k).

REQUEST FOR ADMISSIONS NO. 2: Please admit that you/IO received and cashed a check in the amount of $14,987.50 from Plaintiff on or about November 7, 2014.

…

REQUEST FOR ADMISSIONS NO. 3: Please admit that to date no monies have been returned to Plaintiff by Defendants.

…

REQUEST FOR ADMISSIONS NO. 4: Please admit that you/IG have/has not performed all services requested by the Plaintiff.

…

REQUEST FOR ADMISSIONS NO. 5: Please admit that there is no single document which memorializes the terms of the agreement reached between you/IG and the Plaintiff.

…

REQUEST FOR ADMISSIONS NO. 6: Please admit that there is no single document which lists all of the services you/IG were committed to provide to or for the benefit of the Plaintiff.

…

REQUEST FOR ADMISSIONS NO. 7: Please admit that you and your crew or agents damaged a water pipe on the real estate owned by the Plaintiff.

…

REQUEST FOR ADMISSIONS NO. 8: Please admit that you did not provide goods and/or services to or for the benefit of the Plaintiff in an amount in excess of $10,000.00.

Appellant's App. pp. C9-C10.

[5] Defendants untimely responded to Tod's request for admissions on July 14, 2016, which had the effect of deeming the admissions conclusively established. On August 16, 2016, defendants moved to withdraw their admissions, which

motion the trial court denied on August 24, 2016. Also on August 24, 2016, the matter was tried to the bench, after which the trial court ruled that Tod could take nothing by way of his complaint and entered judgment in favor of Defendants on their breach-of-contract counterclaim in the amount of $8987.50. Tod contends that Defendants' admissions required the entry of judgment in his favor, while Defendants argue that entry of judgment in their favor was still permissible, even taking their admissions into account.

## Discussion and Decision

[6]     The trial court's judgment here is not supported by specific findings of fact or conclusions thereon. Under such circumstances,

> [t]he applicable standard of appellate review is clear. In the absence of special findings, we review a trial court decision as a general judgment and, without reweighing evidence or considering witness credibility, affirm if sustainable upon any theory consistent with the evidence. *Sizemore v. H & R Farms, Inc.*, 638 N.E.2d 455, 457 (Ind. Ct. App. 1994); *Bedford Recycling, Inc. v. U.S. Granules Corp.*, 634 N.E.2d 1361, 1363 (Ind. Ct. App. 1994); *Quebe v. Davis*, 586 N.E.2d 914, 917 (Ind. Ct. App. 1992). In reviewing a general judgment, we must presume that the trial court correctly followed the law. *Sizemore*; *Turpen v. Turpen*, 537 N.E.2d 537, 539 (Ind. Ct. App. 1989); *Baker v. Baker*, 488 N.E.2d 361, 364 (Ind. Ct. App. 1986).… On appellate review, due regard must be given the trial court's opportunity to judge the credibility of witnesses, and the judgment should not be set aside unless clearly erroneous. Ind. Trial Rule 52(A); Ind. Appellate Rule 15(N).

*Perdue Farms, Inc. v. Pryor*, 683 N.E.2d 239, 240-41 (Ind. 1997).

[7] Tod's sole argument is that Defendants' admissions that they received $20,987.50 from Tod, did not complete all of the contracted-for work, and did not provide services in excess of $10,000.00 required the trial court to enter judgment in his favor. Defendants counter that, even if all of the above is true (they concede that their admissions are conclusively established), none of this precludes a breach on Tod's part. We agree with Defendants on this point; the facts established by the admissions are just as consistent with a breach by Tod as they are with a breach by Defendants. The admissions, at most, establish that Defendants did not perform (which they concede) but have nothing to do with *why*, which they claim was due to Tod's breach.

[8] That said, we conclude that Defendants did produce sufficient evidence to sustain a finding that their failure to perform was due to Tod's breach. The validity of the Contract is not in dispute, nor is the fact that Tod violated its terms when he hired his own roofing contractor. Although Tod presented evidence that he hired a new roofing contractor and terminated IG because of substandard work, among other reasons, the trial court was not required to credit this evidence or conclude that it justified Tod's actions.

[9] As for Defendants, we conclude that the record is sufficient to permit a finding of substantial performance, with their ultimate failure to perform caused by Tod's breach. "No mathematical rule relating to the percentage of the price, of cost of completion, or of completeness can be laid down to determine substantial performance of a building contract." *Johnson v. Taylor Bldg. Corp.*, 371 N.E.2d 404, 407 (Ind. Ct. App. 1978). Defendants produced evidence that

work began on the project in the first week of November 2014, with the main component being a replacement roof. Prior to termination, Defendants completed the following: (1) installation of deck railing for three decks, (2) installation of a handrail for exterior stairs, (3) replacement of rotten trim, (4) demolition work, (5) removal of drywall ceiling in the basement, and (6) mold remediation. Regarding the replacement of the roof, which was a significant part of the work to be done, Defendants produced evidence of their diligence in attempting to complete the work. Defendants came to Tod's home at least twice to show him materials. Tod did select a roofing material and issued a check, but then notified Defendants that he wanted a metal, rather than shingle, roof. Defendants then spent over thirty hours researching and collecting multiple bids for a metal roof, only to have Tod tell them that the price was too high. Despite Defendants informing Tod that he could not do so pursuant to the Contract, Tod pursued third-party options, eventually having the roof installed by another contractor and eventually terminating the Contract with Defendants. Moreover, McGee testified that IG was "very, very busy" at the time and had to forego other projects in order to take on Tod's. Tr. Vol. II p. 69. We conclude that Defendants produced sufficient evidence to sustain a finding that they stood ready to fulfil their contractual obligations but were prevented by Tod's hiring of another roofing contractor and termination of them. Consequently, Tod has failed to establish that the trial court's entry of judgment in favor of Defendants is clearly erroneous.

The judgment of the trial court is affirmed.[2]

Najam, J., and Riley, J., concur.

---

[2] Tod does not dispute the trial court's award of damages to Defendants, which represents the full, agreed-upon contract price of $29,975.00 minus the $20,987.50 already paid, for a total award of $8987.50. Tod makes no argument that this damages award should have been reduced by the cost of labor and materials Defendants would have expended had they completed Tod's roof replacement.