

**FILED**

Jun 23 2023, 8:45 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

George Douglas Abrams
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Scott A. Milkey
McNeely Law, LLP
Shelbyville, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

In re the Supervised Estate of
Gene D. Bricker, Deceased

Ann Bricker,

*Appellant-Defendant,*

v.

The Estate of Gene D. Bricker
and Dennis Bricker,

*Appellees-Plaintiffs.*

June 23, 2023

Court of Appeals Case No.
23A-ES-3

Appeal from the Hancock Superior
Court

The Honorable DJ Davis, Judge

Trial Court Cause No.
30D01-2111-ES-216

**Opinion by Judge Bradford**
Judges Riley and Weissmann concur.

**Bradford, Judge.**

## Case Summary

As of late 2019, Gene Bricker was married to Ann, and the couple had three children, including Dennis. In December of 2019, Gene executed his last will and testament ("the Will"), documents modifying a bank account ("the Farm Account") to be payable to Dennis upon Gene's death ("the POD Designation"), and two transfer-on-death ("TOD") deeds regarding certain real estate ("the Real Estate") in Hancock County in favor of Dennis ("the TOD Deeds"). In September of 2021, Gene died, and, in July of 2022, Ann filed her notice of intention to take against the Will and later petitioned to have the Real Estate and Farm Account included in the estate, which petition the trial court denied. Ann contends that the trial court erred in denying her petition because the transfers of the Real Estate and Farm Account were testamentary in nature and, therefore, the property should be included in Gene's estate for purposes of satisfying her spouse's elective share of the estate. Because we disagree, we affirm.

## Facts and Procedural History

During their marriage, Gene and Ann had three children, including Dennis. On December 3, 2019, Gene executed the POD Designation with Greenfield Banking Company to modify the Farm Account to be payable to Dennis upon Gene's death. On December 17, 2019, Gene executed the Will and the TOD Deeds, in which deeds Gene agreed to transfer and quitclaim the Real Estate to Dennis upon Gene's death.

[3] Gene died on September 17, 2021. On October 18, 2021, Dennis executed two TOD affidavits with respect to the TOD Deeds, both of which were recorded on November 2, 2021. On July 6, 2022, Ann filed her notice of intention to take against the Will and later petitioned to have the Real Estate and Farm Account included in the estate. The trial court denied Ann's petition to include the Real Estate and Farm Account in Gene's estate and her motion to reconsider.

## Discussion and Decision

[4] Because the trial court did not make findings of fact and conclusions thereon, the trial court's order is a general judgment that "[w]e may affirm […] on any theory supported by the evidence adduced at trial." *Nelson v. Marchand*, 691 N.E.2d 1264, 1267 (Ind. Ct. App. 1998). "A general judgment will be affirmed upon any legal theory consistent with the evidence, and the court of review neither reweighs the evidence nor rejudges the credibility of the witnesses. *Sizemore v. H & R Farms, Inc.*, 638 N.E.2d 455, 457 (Ind. Ct. App. 1994), *trans. denied*. "Moreover, when reviewing a general judgment, we presume that the trial court correctly followed the law." *Id*. "The presumption that the trial court correctly followed the law is one of the strongest presumptions applicable to our consideration of a case on appeal." *Id*.

[5] Resolution of this appeal requires us to examine the provisions of Indiana Code chapter 32-17-14 (the Indiana Transfer on Death Property Act ("the TOD Act")) and Indiana Code section 29-1-3-1 (the Spousal Inheritance Statute ("the SIS")). Where, as here, the relevant facts are not in dispute, the interpretation

of statutes is a pure question of law that is reviewed *de novo*. *D.P. v. State*, 151 N.E.3d 1210, 1213 (Ind. 2020).

> "The primary rule in statutory construction is to ascertain and give effect to the intent of the legislature." *See Chambliss v. State*, 746 N.E.2d 73, 77 (Ind.2001); *Bartlett v. State*, 711 N.E.2d 497, 501 (Ind.1999). "The best evidence of legislative intent is the language of the statute itself, and all words must be given their plain and ordinary meaning unless otherwise indicated by statute." *Chambliss*, 746 N.E.2d at 77.

*Hendrix v. State*, 759 N.E.2d 1045, 1047 (Ind. 2001).

[6] If the text of the statute is clear and unambiguous, it is not subject to judicial interpretation and must be held to mean what it plainly says. *D.P.*, 151 N.E.3d at 1216. We presume that the legislature intended for the statutory language to be applied in a logical manner consistent with the statute's underlying policy and goals. *Nicoson v. State*, 938 N.E.2d 660, 663 (Ind. 2010). Statutes concerning the same subject (in this case, disposition of property upon the owner's death) should be read together and harmonized to give effect to each. *Clippinger v. State*, 54 N.E.3d 986, 989 (Ind. 2016).

[7] With this in mind, the SIS provides, in part, as follows: "When a married individual dies testate as to any part of the individual's estate, the surviving spouse is entitled to take against the will[.] The surviving spouse, upon electing to take against the will, is entitled to one-half (½) of the net personal and real estate of the testator." Ind. Code § 29-1-3-1(a). The question, then, is whether property subject to TOD transfers is to be considered part of the decedent's "net personal and real estate" for purposes of the SIS. While items bequeathed in

the will, *i.e.*, "testamentary transfers,"[1] are clearly included in the estate and therefore subject to the SIS, Indiana law also recognizes that "[w]hen a testator executes a trust in contemplation of his impending death and does so in order to defeat the surviving spouse's statutory share, the trust will be considered testamentary in nature and will not defeat the spouse's share." *In re Est. of Weitzman*, 724 N.E.2d 1120, 1123 (Ind. Ct. App. 2000). Ann argues that the TOD transfers are similar to such a trust, *i.e.*, testamentary in nature, and that their subject property should be pulled back into Gene's estate.

[8] While we acknowledge some similarity between TOD transfers and a trust designed to defeat a surviving spouse's share, we nonetheless conclude that the TOD transfers in this case cannot be included in Gene's estate. The TOD Act provides, in part, as follows: "[a] transfer on death transfer […] *is not considered testamentary*[.]" Ind. Code § 32-17-14-5 (emphasis added). It is a well-settled principle that we

> "generally presume that all statutory language is used intentionally," so that "[e]ach word should be given effect and meaning where possible," *AlliedSignal, Inc. v. Ott*, 785 N.E.2d 1068, 1079 (Ind. 2003) (internal quotation marks omitted), and not treated as "mere surplusage," *Martin v. Martin*, 495 N.E.2d 523, 524–25 (Ind. 1986).

*In re Howell*, 27 N.E.3d 723, 726 (Ind. 2015).

---

[1] "Testamentary transfer" is defined as "[a] transfer made in a will." *Testamentary Transfer*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[9]     TOD transfers are non-testamentary by definition, so, if the phrase "not considered testamentary" does nothing more than declare them to be non-testamentary, it is mere surplusage. The phrase, however, does not define or otherwise address the inherent nature of a TOD transfer, but, rather, how it is "considered." In this context, the most logical interpretation of the phrase "not considered testamentary" is that TOD transfers cannot be found to be "testamentary in nature" for purposes of the SIS. Consequently, even if the TOD transfers would otherwise be subject to the rule mentioned in *Weitzman*, the trial court correctly denied Ann's petition to have the Real Estate and Farm Account included in Gene's estate.

[10]    We affirm the judgment of the trial court.


Riley, J., and Weissmann, J., concur.